Loins GK Brttbot, J.
This is a motion on behalf of the defendant for summary judgment.
The action is one to recover for goods sold and delivered. Apparently the goods involved were sold and delivered to defendant between February 26, 1965 and May 25, 1965. The terms of payment were “ Net 30 days, F. O. B. Shipping Point ”. The instant action was commenced on November 25, 1969.
The defendant now moves on the ground that the action is time-barred by section 2-725 of the Uniform Commercial Code which provides a four-year Statute of Limitations. Plaintiff opposes the motion and alleges that the six-year Statute of Limitations of CPLR 213 is applicable.
Subdivision (1) of section 2-725 of the Uniform Commercial Code provides: ‘ ‘ An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.”
CPLR 213 provides: “The following actions must be commenced within six years: * * * 2. an action upon a contractual obligation or liability express or implied, except as provided in article 2 of the uniform commercial code; ’ ’
In the Practice Commentaries (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 213, C213:2, p. 326) it is stated as follows: “It should be observed that actions for breach of contract for sale are not governed by this statute. McKinney’s Uniform Commercial Code § 2-725 provides a four-year statute of limitations for breach of sales contracts. This provision prevails over the CPLB provision (See CPLR 201).” (Emphasis supplied.)
From the foregoing it is apparent that the four-year Statute of Limitations is applicable in the instant case and, therefore, the action is time-barred.
For that reason, the motion is granted dismissing the complaint.