Settle order on notice.

EDITH INFANTE et al., Respondents, v MONTGOMERY WARD &
Co., INC., et al., Defendants and Third-Party Plaintiffs-
Appellants; DAN RIVER, INC., as Successor to CRYSTAL
SPRINGS TEXTILES, INC., et al., Defendants and Third-Party
Defendants-Respondents.

Third Department, July 24, 1975

*Hesson, Ford, Sherwood & Whalen (Dale M. Thuillez* and *Thomas A. Ford* of counsel), for Montgomery Ward & Co., Inc., and another, appellants.

*Donohue, Bohl, Clayton & Komar (Myron Komar* of counsel), for Iselin-Jefferson Company, Inc., successor to Cohn-Miller Co., Inc., appellant.

*Bouck, Holloway & Kiernan (Stephen M. Kiernan* of counsel), for Dan River, Inc., as successor to Crystal Springs Textiles, Inc., respondent.

HERLIHY, P. J. The main action is pending in the Supreme Court, County of Greene. The main action is for personal injuries and derivative losses as a result of the plaintiff, Edith Infante, allegedly being burned on April 19, 1969, when pajamas she was wearing caught fire. The complaint further alleges that the pajamas were purchased by the plaintiffs from defendant Montgomery Ward (hereinafter Wards), prior to March 31, 1969, and further that Wards purchased the pajamas from defendant Harwood Companies, Inc. also known as Harwood Manufacturing Co. (hereinafter Harwood Co.) who manufactured them with fabric manufactured by defendant Dan River, Inc. (hereinafter Dan River) as successor to Woodside Mills, processed by Dan River, as successor to Crystal Springs Textile and shipped by Dan River as successor to Crystal Springs Textile upon the directions of defendant Iselin-Jefferson, Inc. (hereinafter Iselin Co.) as successor to Cohn-Miller Co., defendant, to Harwood Co.

The plaintiffs' summonses and complaints in two actions naming Dan River as a defendant were served on Dan River on August 3, 1973 and October 24, 1973. This was after the running of the three-year Statute of Limitations (CPLR 214) for negligence causes of action and after the running of the four-year Statute of Limitations for breach of warranty causes of action (Uniform Commercial Code, § 2-725). The defendants Wards and Harwood Co. each cross-claimed against Dan River alleging two causes of action that the trial court denominated as one being based upon warranty and the second seeking indemnification on account of the negligence claim. Additionally, defendant Iselin, on August 3, 1973, commenced a third-party action against Dan River in which recovery was sought against Dan River, according to the trial court (1) on account of the breach of an alleged guarantee by Dan River to Iselin under the Flammable Fabrics Act (US Code, tit 15, §§ 1192, 1193) and (2) under a further cause of action for indemnification based upon negligence or breach of warranty or both. Dan River moved to dismiss the complaint as to it on the ground that plaintiffs' causes of action in negligence and those for breach of warranty were barred by the applicable three and four-year Statute of Limitations. Dan River also moved to dismiss as to it the first cross claim of defendant Wards as barred by the four-year Statute of Limitations for breach of warranty. Further Dan River moved to dismiss as to it the first cause of action alleged in defendant Iselin's third-party complaint as barred by the four-year Statute of Limitations for breach of warranty causes of action. Lastly, Dan River moved to dismiss as to it that portion of the additional cause of action (indemnification) as barred by the four-year breach of warranty Statute of Limitations. The trial court, citing *Mendel v Pittsburgh Plate Glass Co.* (25 NY2d 340), granted the motions. Defendants Wards, Harwood Co., and Iselin appeal the order granting Dan River's motion but the plaintiffs did not appeal the dismissal of their complaint against Dan River.

The issue is what period of time applies between and among third-party plaintiffs and defendants for the commencing of such third-party actions by impleader or interpleader.

In the recent case of *Victorson v Bock Laundry Mach. Co.* (37 NY2d 395, affg 44 AD2d 702, affg *sub nom Brown v 1580 St. John's Place,* 44 AD2d 705; *Rivera v Berkeley Super Wash,* 44 AD2d 316) the Court of Appeals held that a cause of action by a consumer for personal injuries or property damage based

upon strict products liability accrues as of the time of injury to such consumer. *(Victorson* overrules *Mendel v Pittsburgh Plate Glass Co., supra.)*

In the specific context of the present action, the decision in *Victorson* does not change the rules as to causes of action designated by the parties as being based upon contract warranties. However, under the theory of *Dole v Dow Chem. Co.* (30 NY2d 143) the appellants have causes of action for indemnity which are implicitly included in the so-called warranty causes of action pleaded by them. It seems apparent that it is not the public policy of this State to insulate manufacturers from liability for defective products which they place in the stream of commerce and which *cause injury* to remote users.

Accordingly, the order appealed from should be modified so as to permit the appellants to replead and state causes of action based upon indemnity for strict products liability, if they should be so advised.

The order should be modified, on the law and the facts, by inserting an additional decretal paragraph granting permission to Iselin-Jefferson Company, Inc., Montgomery Ward & Co., Inc., and Harwood Companies, Inc. also known as Harwood Manufacturing Co. to serve amended pleadings seeking indemnity based upon strict products liability within 10 days after entry of the order herein and service of notice of entry thereof, and, as so modified, affirmed, without costs.

SWEENEY, KANE, MAIN and LARKIN, JJ., concur.

Order modified, on the law and the facts, by inserting an additional decretal paragraph granting permission to Iselin-Jefferson Company, Inc., Montgomery Ward & Co., Inc., and Harwood Companies, Inc. also known as Harwood Manufacturing Co. to serve amended pleadings seeking indemnity based upon strict products liability within 10 days after entry of the order herein and service of notice of entry thereof, and, as so modified, affirmed, without costs.