## (October 28, 1975)

■ ALL-O-MATIC INDUSTRIES, INC., Appellant, v SOUTHERN SPECIALTY PAPER CO., INC., et al., Respondents.—In an action based *inter alia* upon breach of express and implied warranty to recover damages for the destruction by fire of goods stored in its warehouse, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered January 17, 1975, in favor of defendants, upon a jury verdict. Judgment reversed, on the law, and new trial granted as to all causes of action, with costs to abide the event. The fact questions were not considered or reached. Plaintiff converts resin-impregnated paper (manufactured by defendant Southern Specialty Paper Co., Inc., with resin supplied by defendant Pacific Resin Co.) into swimming pool filters. Its processes include the heating of the paper in an oven, a procedure which causes an exothermic reaction as the result of chemical changes. This reaction stiffens the otherwise pliable paper and renders it fit for use as a filter. Plaintiff presented evidence that after a minor fire at its plant on June 17, 1972 it sought and obtained express assurances from defendants that the filter paper could not spontaneously ignite. Plaintiff continued to use the paper in reliance upon these express representations until a major fire erupted at its warehouse on June 30, 1972. Plaintiff's expert witness, Dr. Norman G. Gaylord, attributed the cause of the fire to a rare *second* exothermic reaction, which caused spontaneous combustion. The trial court charged the jury as follows: "There is testimony in this case regarding a rare condition which may come about in the processing by plaintiff of the filters, which I believe was referred to by one of plaintiff's experts as a secondary exothermic reaction. Even though you may find that this so-called secondary exothermic reaction in the cartons of swimming pool filters was the competent-producing cause of the fire of June 30, if you further find that such rare reaction was unforeseeable by a reasonable and prudent manufacturer, then this does not constitute a breach of warranty and defendants may not be held liable, for a warrantor does not guarantee that his product is incapable of harm or is accident-proof." In our opinion, this instruction was erroneous and requires a new trial. The jury could have found that defendants had expressly warranted that the paper could not possibly combust spontaneously. Under such a

finding, defendants could not be relieved of their express warranties by their failure to foresee the second exothermic reaction. Further, if the paper supplied to plaintiff had the inflammable qualities ascribed to it by plaintiff's evidence, a jury could find that the paper was inherently dangerous and not fit for use. It was therefore error to dismiss plaintiff's causes of action based upon breach of implied warranty and strict liability. The evidence created issues of fact which required all six causes of action to be submitted to the jury. Plaintiff subjected defendants' product to various production processes which induced physical and chemical changes in the product. Under these circumstances, the trial court's charge with respect to plaintiff's possible "contributory fault" was justified (see *Codling v Paglia*, 32 NY2d 330, 343–344). With respect to the allegedly prejudicial rulings of the trial court, we are of the opinion that this lengthy and complex trial was conducted in a fair and impartial manner and that, other than the matters above-mentioned, there is no further ground for reversal. The complaint alleges three causes of action as to each defendant. The evidence as to the cause of the fire of June 30, 1972 was technical, complex and conflicting. Under these circumstances, the trial court would be well advised, at the new trial, to make use of the statutory procedures (CPLR 4111) which permit the rendition of a special verdict or of a general verdict accompanied by written answers to written interrogatories (see *Corbett v Brown*, 32 AD2d 27). Hopkins, Acting P. J., Martuscello, Margett, Christ and Munder, JJ., concur.