■ POTSDAM WELDING AND MACHINE CO., INC., Respondent, v NEPTUNE MICROFLOC, INC., Appellant.—Appeal from an order of the Supreme Court at

Special Term, entered October 21, 1976 in St. Lawrence County, which denied defendant's motion to dismiss the third and fourth causes of action in plaintiff's complaint and granted, in part, plaintiff's cross motion to strike certain affirmative defenses from defendant's answer. In August, 1971 plaintiff entered into a subcontract to do certain metal work in the construction of a water filtration plant in the Village of Canton. The defendant had supplied certain filtration equipment, including plastic tube settlers, for use in the plant and had supervised the installation of this equipment. On October 16, 1972, while the plaintiff's employees were doing welding work, a spark from one of the welding torches fell upon one of the plastic tube settlers, resulting in a fire which damaged a substantial portion of the plant. Plaintiff's insurer ultimately paid $350,000 in settlement of various subrogated actions and claims and, as subrogee under the terms of its policy, commenced this action in plaintiff's name for indemnification. Defendant appeals from a denial of its motion to dismiss plaintiff's third and fourth causes of action, for breach of warranty and strict products liability, respectively, and from the granting of plaintiff's cross motion to dismiss certain of its affirmative defenses. Defendant argues that Special Term erred in refusing to dismiss plaintiff's fourth cause of action upon the ground that strict products liability does not apply where both parties are "industrial/commercial" specialists and only property losses are alleged. We find no basis in case law or reasons of policy for defendant's position. In *Codling v Paglia* (32 NY2d 330), the court stated that, provided three specified conditions were met, "under a doctrine of strict products liability, the manufacturer of a defective product is liable to *any person* injured *or damaged* if the defect was a substantial factor in bringing about his injury" (emphasis supplied; p 342; see, also, *Micallef v Miehle Co., Div. of Miehle-Gross Dexter,* 39 NY2d 376). It is apparent that in holding the manufacturer liable to "any person" injured "or damaged", the Court of Appeals has made no distinction between ordinary consumers and "commercial/industrial specialists" or between personal injuries and property damage. We find no New York cases in support of defendant's theory. To the contrary, in *Infante v Montgomery Ward & Co.* (49 AD2d 72) this court authorized three entities of the type defendant characterizes as "commercial/industrial specialists" to serve amended pleadings upon a manufacturer seeking indemnification based upon strict products liability. In *All-O-Matic Ind. v Southern Specialty Paper Co.* (49 AD2d 935), an action for property damages only, we directed a new trial on all causes of action, including one for strict products liability, asserted by a manufacturer of products used in plaintiff's process which allegedly ignited spontaneously and damaged goods in plaintiff's warehouse. Although the arguments posited by the defendant were not advanced in the *Infante* and *All-O-Matic Ind.* cases, we see no reason to alter the viewpoints with respect to defendant's claims evident therein. Defendant contends that the policy evident in section 1-102 (subd [2], par [b]) of the Uniform Commercial Code "to permit the continued expansion of commercial practices through custom, usage and agreement of the parties" demonstrates a legislative intent to allow "commercial/industrial specialists" to regulate relationships among themselves, including determining liability for defective products, by agreement. Although this argument may have merit where the party injured by the defective product has dealt directly with the manufacturer *(De Crosta v Reynolds Constr. & Supply Corp.,* 49 AD2d 476), where, as in the instant case, the injured party is a remote user, defendant's argument fails. Defendant further asserts that "commercial/industrial specialists" in a particular field of trade necessarily have expertise and knowl-

edge in regard to the technology of other fields and should not, therefore, be protected by strict products liability. In our view, however, the complexity and diversity of today's technology places the manufacturer or seller of a particular product in a position little different from the ordinary consumer with respect to sophisticated products unrelated to his own, particularly where he is a remote user or nonuser. Special Term properly denied defendant's motion to dismiss plaintiff's fourth cause of action. Plaintiff's third cause of action, for breach of implied warranty, based upon the same facts as the cause of action for strict products liability which we have sustained, is redundant. Although upon appropriate facts a claim may be based on both strict products liability and breach of warranty, express or implied, under the Uniform Commercial Code (see *Ribley v Harsco Corp.,* 57 AD2d 234), in view of the fact that there was no seller-buyer relationship or sales contract between the parties (cf. Uniform Commercial Code, §§ 2-314, 2-315) and because plaintiff was neither a "natural person" nor "injured in person" as defined in section 2-318 of the Uniform Commercial Code (either as it existed at the time plaintiff's cause of action arose or as amended by L 1975, ch 774, § 1), we conclude that the facts alleged in plaintiff's third and fourth causes of action support a claim based only upon strict products liability. Defendant's claim that Special Term erred in striking its fifth affirmative defense, addressed to the third cause of action which we have dismissed, is moot. The sixth affirmative defense, erroneously stating that plaintiff's fourth cause of action was based upon a failure to warn, was also properly struck. We have already discussed the lack of merit to the claim set forth in defendant's eighth affirmative defense, that recovery in strict liability is limited to damages for personal injuries. Judgment modified, on the law and the facts, by dismissing the third cause of action of the complaint, and, as so modified, affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.