NASSAU ROOFING & SHEET METAL CO., INC., Plaintiff, v CELOTEX CORPORATION, Appellant, and FACILITIES DEVELOPMENT CORPORATION, Formerly HEALTH AND MENTAL HYGIENE FACILITIES IMPROVEMENT CORPORATION, et al., Respondents, et al., Defendant.—Appeal from an order of the

Supreme Court at Special Term, entered June 14, 1979 in Albany County, which denied a motion of defendant Celotex Corporation to dismiss the cross claims of defendant Facilities Development Corporation. The underlying action herein arose out of roofing, waterproofing and sheetmetal work performed by plaintiff Nassau Roofing & Sheet Metal Company, Inc. (Nassau) for defendant Facilities Development Corporation (FDC) at Lincoln Hospital in The Bronx, New York. Defendant Celotex Corporation (Celotex) was the manufacturer of the polyurethane roofing insulation used on the project, and the insulation was purchased from Celotex by Strober Brothers, Inc., on behalf of Nassau, with the last delivery being made by March of 1974. Thereafter, the defects in the work performed on the project became evident in November of 1974, with bubbles and other defects being discovered on various roofs installed by Nassau at the site. On July 10, 1978 Nassau commenced the present action against several defendants, including FDC and Celotex. In its complaint Nassau sought, *inter alia,* a declaratory judgment as to its rights and those of FDC "with regard to the removal and replacement of the roofs at Lincoln Hospital" and also, in anticipation of a counterclaim by FDC, a ruling that Celotex would be liable if Nassau were found liable to FDC. It further alleged that Celotex had breached its warranty that the insulation was suitable for installation in the roofs at Lincoln Hospital. For its part in its answer, FDC, *inter alia,* cross-claimed against Celotex and, as a first cross claim, alleged that Celotex had breached its warranty to FDC that the insulation was fit to use in connection with the installation of the roofs. As a second cross claim, FDC sought indemnification or contribution from Celotex, if FDC were ultimately found liable to Nassau, based upon Celotex' alleged breach of warranties and representations which it had given FDC. Subsequently, on September 6, 1978, Celotex moved, pursuant to CPLR 3211, to dismiss Nassau's complaint on various grounds, and its motion was denied by order of the Supreme Court at Special Term, entered November 20, 1978 in Albany County. This court later affirmed Special Term's order *(Nassau Roofing & Sheet Metal Co. v Celotex Corp.,* 70 AD2d 395), and while that appeal was pending, Celotex additionally moved, pursuant to CPLR 3211, to dismiss the cross claims of FDC. Once again its motion to dismiss was denied by Special Term and this appeal has ensued. Initially, we cannot agree with FDC that the instant motion to dismiss is barred by the single motion rule of CPLR 3211 (subd [e]). While that rule was designed "to spare the court's motion calendars from being burdened" and "to protect the pleader from being harassed by repeated CPLR 3211 (a) motions" (Siegel, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C3211:55, p 59), it is inapplicable here, and the two motions to dismiss should be permitted in this case because two different parties in two separate pleadings are alleging distinct causes of action against Celotex. Clearly, this is not an instance where Celotex failed to state one of its grounds for dismissal on the first motion and is attempting to state it by way of a second motion, and under the circumstances presented, it should be allowed one CPLR 3211 motion to dismiss for each pleading. FDC's alternative argument that the instant motion to dismiss is barred by the doctrine of *res judicata* because Celotex' similar motion to dismiss Nassau's complaint has previously been denied is, also, without merit. Not only does the *res judicata* doctrine have "no application within an action" (Siegel, New York Practice, § 448), but also, since FDC's cross claims raise issues different from those already determined upon the motion to dismiss Nassau's complaint, the somewhat analogous doctrine of the law of the case, likewise, does not serve to bar the

second motion to dismiss *(Fadden v Cambridge Mut. Fire Ins. Co.,* 51 Misc 2d 858, affd 27 AD2d 487; Siegel, New York Practice, § 448). Turning now to the individual cross claims, we find that FDC's breach of warranty claim is time barred. The alleged warranty made by Celotex to FDC was "that the polyurethane insulation would be sufficient for a proper and adequate roof," and the warranty did not explicitly extend to the future performance of the insulation. Such being the case, it was not a prospective warranty upon which a cause of action accrues when a breach thereof is or should have been discovered, and the applicable limitations period is four years from the date that tender of delivery of the insulating material was made (Uniform Commercial Code, § 2-725, subds [1], [2]; *Mittasch v Seal Lock Burial Vault,* 42 AD2d 573). Here, it is uncontested that the final delivery of the insulation had occurred by March of 1974, and the present action was not commenced until more than four years later on July 10, 1978. Moreover, even assuming, *arguendo,* that the subject claim sounds in strict products liability, the applicable limitations period would be three years from the date the injury was sustained (CPLR 214, subd 4; *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395); and the claim would still be time barred because FDC maintains that the roof defects were discovered on November 26, 1974 and this action was not commenced within three years thereafter. Lastly, we find without merit Celotex' argument that FDC's second cross claim fails to state a cause of action because a claim for contribution can only arise between joint tort-feasors. Pursuant to CPLR 1401 the parties in a cause of action for contribution must be liable, not on the same theory, but rather for the same injury, and the liability may be contractual or arise from a breach of warranty and need not arise from tort (McLaughlin, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C1401:3, p 362). Furthermore, the factual allegations of the subject cross claim manifest a "cause of action cognizable at law" *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275). With these circumstances prevailing, the motion to dismiss this cross claim was properly denied. Order modified, on the law, by reversing so much thereof as denies Celotex Corporation's motion to dismiss the first cross claim of Facilities Development Corporation against it as time barred, and motion granted, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Herlihy, JJ., concur.