OPINION OF THE COURT
Eli Wager, J.
General Motors Corporation (GM), the defendant in this purported class action which seeks to enforce certain warranties and damages for breach thereof, has moved to dismiss the complaint for failure to state a cause of action. No answer has yet been served and no motion for class action certification has yet been made. The plaintiffs have cross-moved for an order dropping Elliott Mendelson as a named plaintiff and permitting service of an amended complaint in which references to Mendelson are deleted. Since the cross motion is not opposed by GM, and CPLR 901 permits a *347 class action to be maintained by a single member of the class, the cross motion is granted and the amended complaint in the form annexed to the moving papers is deemed to have been served.
Since the motion to dismiss is directed at the complaint as a whole, it will be denied in its entirety should one of the causes of action asserted be deemed legally sufficient (Samaras v Gatx Leasing Corp., 75 AD2d 890). The amended complaint contains, in addition to class action allegations, a section entitled “general allegations” followed by six separately denominated causes of action. In the “general allegations” plaintiff asserts that certain GM automobiles including the 1979 Oldsmobile he purchased in 1979 “are defective in that, inter alla, the transmission * * * does not function properly, i.e., the transmission slips, loses forward and reverse gears, fails to shift into gear properly, and there is a continuous loss of transmission fluid.” It is alleged that GM used inferior materials and failed to develop an appropriate design in the construction of the affected models in light of the usage to which they would be subjected, i.e., that GM “substituted and installed 200 Type Transmissions in place of the THM 350 (M39) turbohydromatic transmission or transmissions of similar quality and performance”. Plaintiff asserts that he, on behalf of himself and the members of the class, has notified GM of the defect referred to and that such defect constitutes a breach of express and implied warranties and a violation of the Magnuson-Moss Warranty Act (US Code, tit 15, § 2301 et seq.) (the Act).
In the first and second causes of action plaintiff seeks damages and injunctive relief for breach of an implied warranty of merchantability under the Uniform Commercial Code. In the third and fourth, he asserts that GM expressly warranted that it would repair and/or replace defective parts free of charge, that GM has breached the warranty and he seeks damages and injunctive relief. In the fifth and sixth, he alleges that GM has violated the act and he seeks equitable relief under the provisions of the act. The complaint does not allege personal injury or property damage and it appears that the damages sought in the first *348 and third causes of action consist of economic loss (the reduced value of the defective vehicle and the cost of repair or replacement of the transmission).
BREACH OF IMPLIED WARRANTY
General Motors seeks dismissal of the first and second causes of action upon the ground that there is no privity of contract between it and the plaintiff and that privity is required where recovery solely for economic loss is sought.
Section 2-318 of the Uniform Commercial Code as amended in 1974 (L 1975, ch 774, § 1) provides as follows: “Third Party Beneficiaries of Warranties Express or Implied. A seller’s warranty whether express or implied extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.”
Although the section removes the privity bar only where the plaintiff is “injured in person”, it has been said that it does not prevent the courts from abolishing the vertical privity requirement when a nonprivity buyer seeks recovery for direct economic loss (White & Summers, Uniform Commercial Code, § 11-5). However, the courts in New York have not done so. Thus, in Cervato v Crown Co. (58 AD2d 721), a remote user not in privity with the defendant who suffered personal injuries was permitted to recover upon an implied warranty of merchantability (see, also, Atkinson v Ormont Mach. Co., 102 Misc 2d 468; Martin v Drackett Prods. Co., 100 Misc 2d 728), but in Potsdam Welding & Mach. Co. v Neptune Microfloc (57 AD2d 993) and Steckmar Nat. Realty & Inv. Corp. v Case Co (99 Misc 2d 212), the complaints were dismissed where only property damages were sought. Randy Knitwear v American Cyanamid Co. (11 NY2d 5), relied upon by plaintiff, is not inconsistent with these holdings because there the plaintiff sued upon an express warranty. Some confusion is engendered by the dictum in Donaldson v Aggregate Surfacing Corp. of Amer. (47 AD2d 852), where the court rejected the trial court’s conclusion “that privity is necessary in a breach of warranty action against a remote manufacturer *349 who made no express representations and where the plaintiff did not sustain personal injury but only property damage (see Codling v Paglia, 32 NY2d 330, 342)”. However, the citation to Codling v Paglia suggests that the court was alluding to the strict products liability doctrine formulated on the cited page of that opinion. As the Court of Appeals subsequently noted, a cause of action in strict products liability is often “incorrectly labeled breach of warranty” but is distinguishable upon the ground that the strict products liability action sounds in tort and endeavors to make the injured party “whole”, whereas the warranty action sounds in contract and seeks to provide the parties with “the benefit of [their] bargain” (Martin v Dierck Equip. Co., 53 NY2d 583, 589-590). Although Martin antedates the 1975 amendment of section 2-318, the analysis of the basic attributes of the two causes of action would appear to have survived the amendment.
If the instant complaint is construed as pleading a mislabeled strict products liability cause of action, it fares no better than it does when it sounds in implied warranty.
According to Prosser, the courts are equally divided on the issue of purely economic recovery in either an action on implied warranty or a tort action (Prosser, Torts [4th ed], § 101). Section 402A of the Restatement, Torts Second, provides that the doctrine of strict liability in tort applies not only to physical harm to the ultimate consumer but also to physical harm to his property. Thus, there may be recovery for damage to property other than the product itself (see, e.g., Potsdam Welding & Mach. Co. v Neptune Microfloc, supra; All-O-Matic Ind. v Southern Specialty Paper Co., 49 AD2d 935), and even for injury to the product itself consequentially damaged by the defect (see Dudley Constr. v Drott Mfg. Co., 66 AD2d 368; see, also, Hiigel v General Motors Corp., 190 Col 57; Gherna v Ford Motor Co., 246 Cal App 2d 639; MacDougall v Ford Motor Co., 214 Pa Super Ct 384; Russell v Ford Motor Co., 281 Ore 587). In Dudley Constr. v Drott Mfg. Co., (supra) the plaintiff sought to recover for damages sustained by a large crane which collapsed when certain turntable bolts connecting the superstructure to the undercarriage broke, damages which the court distinguished from damages measured by *350 the difference in value of the product with and without the defect. Recovery in a tort action for the latter class of injury appears to be permitted in some jurisdictions (see, e.g., Santor v A & M Karagheusian, 44 NJ 52; Air Prod. & Chems. v Fairbanks Morris, Inc., 58 Wis 2d 193 [applying Pennsylvania law]; Cova v Harley Davidson Motor Co., 26 Mich App 602; Berg v General Motors Corp., 87 Wn 2d 584) but not in others (see, e.g., Hawkins Constr. Co. v Matthews Co., 190 Neb 546; Chrysler Corp. v Taylor, 141 Ga App 671; Sioux City Community School Dist. v International Tel. & Tel. Corp., 461 F Supp 662 [Iowa]; Seely v White Motor Co., 63 Cal 2d 9; Koplin & Co. v Chrysler Corp., 49 111 App 3d 194).
In New York, prior to Codling v Paglia (supra) the rule was that a tort action against manufacturers by an ultimate user arises only when the danger inherent in the defectively made product causes an accident and that the only remedy prior to the happening of an accident attributable to the defect is breach of warranty (Trans World Airlines v Curtiss-Wright Corp., 1 Misc 2d 477, affd 2 AD2d 666). More recently, the courts have held that the doctrine of strict products liability does not attempt to afford the injured party the benefit of his bargain (Martin v Dierck Equip. Co., supra) and such a cause of action does not lie where the claim is for the difference between the price paid and the market value of the product with a defect (Dudley Constr. v Drott Mfg. Co., supra).
Thus, plaintiff’s attempt to plead an implied warranty cause of actions fails, regardless of whether it is analyzed as an implied warranty action under the Uniform Commercial Code or an action in strict products liability.
BREACH OF EXPRESS WARRANTY
In his third cause of action plaintiff seeks to recover damages for breach of an express warranty and in the fourth he seeks a mandatory injunction requiring GM to comply with the alleged warranty. The express warranty is described as one to repair and/or replace free of charge any defective parts; the “defective parts” appear to be the “200 Type Transmissions” installed in place of the “THM 350 (M 39) turbohydromatic transmissions” or similar trans *351 missions as alleged in paragraph 17 of the complaint. The warranty, a copy of which is annexed to the defendant’s motion papers, is a “Limited Warranty”, restricted in duration (12 months or 12,000 miles, whichever occurs first), providing only for repair or replacement of parts and containing no provision requiring notice to the manufacturer. General Motors does not contest the applicability of its limited new car warranty to the alleged defect but argues instead that the complaint fails to allege proper notice of breach or any attempts by plaintiff to obtain.warranty relief prior to initiating this action. Although the parties have submitted affidavits and exhibits relating to the issue of notice, the motion is one to dismiss and hence only the pleading will be considered (cf. O’Hara v Del Bello, 47 NY2d 363).
In paragraph 18 of the amended complaint under the heading “general allegations,” plaintiff pleads that he, “on behalf of himself and the members of the class, has notified GM of the defect * * * and that such defect constituted a breach of express and implied warranties” and in paragraph 30 (under the heading “third cause of action”) he alleges that “GM breached its express warranty, as set forth in the UCC, by failing to adequately repair or replace the defects in the affected models”. General Motors points out that the only allegation with respect to notice is that there was notification of the defect and that nowhere is it alleged that plaintiff timely notified GM that it had breached its limited warranty to repair, the only express warranty sued upon. General Motors contends that it had a right to rely upon its dealers to make proper repairs and to be notified should they fail to do so and that in the absence of notice to it, it was deprived of the opportunity to comply with the warranty.
Although there may be merit in GM’s position, the sufficiency and timeliness of notice are ordinarily questions of fact to be determined by the jury based upon the surrounding circumstances (Lynx, Inc. v Ordnance Prods., 273 Md 1). Thus, a determination on the issue will not be made here, particularly since consideration of the remaining causes of action may make such a determination unnecessary.
*352 MAGNUSON-MOSS WARRANTY ACT
General Motors seeks dismissal of the fifth and sixth causes of action, in which plaintiff alleges violations of the Magnuson-Moss Warranty Act (US Code, tit 15, § 2301 et seq.), upon the ground, inter alla, that recovery under the Act is dependent in part upon the sufficiency of plaintiff’s State law warranty claims. The Act, insofar as it permits recovery for breach of an "implied warranty, does indeed rely upon State law: in subdivision (7) of section 2301 the term “implied warranty” is defined as an “implied warranty arising under State law”. Thus, State vertical privity rules control (Schroeder, Private Actions under the Magnuson-Moss Warranty Act, 66 Cal L Rev 1) and the applicable measure of damages is that provided by State law (see, e.g., Novosel v Northway Motor Car Corp., 460 F Supp 541; Matter of General Motors Corp. Engine Interchange Litigation, 594 F2d 1106; MacKenzie v Chrysler Corp., 607 F2d 1162). Since it has been determined that the complaint fails to state a cause of action for breach of implied warranty under the Uniform Commercial Code as construed in New York, it would appear that plaintiff can plead no such cause of action under the Act.
However, the Act contains its own definition of the term “written warranty” (US Code, tit 15, § 2301, subd [6]). On the issue of notice, the Act permits a warrantor to impose upon the consumer a duty to notify (US Code, tit 15, § 2304, subd [b], par [1]) and itself imposes a notice obligation, in subdivision (e) of section 2310, as follows: “(e) No action (other than a class action * * *) may be brought * * * for failure to comply with any obligation under any written or implied warranty or service contract, and a class of consumers may not proceed in a class action under such subsection with respect to such a failure except to the extent the court determines necessary to establish the representative capacity of the named plaintiffs, unless the person obligated under the warranty or service contract is afforded a reasonable opportunity to cure such failure to comply. In the ease of such a class action * * * such reasonable opportunity will be afforded by the named plaintiffs and they *353 shall at that time notify the defendant that they are acting on behalf of the class”.
Thus, it appears that, unless notice is required by the warranty (as noted above, the warranty at issue here contains no provision requiring that notice be given GM), notice prior to the commencement of a class action under the Act is not required, although such an action may not proceed (except for a motion for class action certification) until the warrantor is given a reasonable opportunity to cure the defect. Since section 2311 (subd [b], par [1]) preserves the consumer’s rights and remedies under State law, section 2-607 (subd [3], par [a]) of the Uniform Commercial Code notification should be given as soon as possible in order to safeguard the consumer’s right to damages under section 2-714 of the Uniform Commercial Code (Denicola, The Magnuson-Moss Warranty Act: Making Consumer Product Warranty a Federal Case, 44 Fordham L Rev 273, 287, n 65), but the prelitigation notice required by section 2-607 (subd [3], par [a]) is clearly not required by the Act. As has been noted elsewhere, the Act provides a more certain path to recovery than does the Uniform Commercial Code (Smith, The Magnuson-Moss Warranty Act: Turning the Tables on Caveat Emptor, 13 Cal WL Rev 391, 429) and from a consumer protection point of view is preferable to the Uniform Commercial Code which is difficult to apply to consumer sales transactions and is full of pitfalls for consumers seeking recovery for defective products (Matter of General Motors Corp. Engine Interchange Litigation, supra). Thus, whether or not the complaint states a cause of action for breach of an express warranty under the Uniform Commercial Code is not dispositive and GM’s contention that section 2-607 (subd [3], par [a]) of the Uniform Commercial Code notice is required under the Act is without merit.
Since at least one cause of action is legally sufficient, the motion to dismiss must be denied.
The motion to dismiss is denied. The cross motion is granted.