Moroni **PERRY**, dba Perry's Mill and Cabinet Shop, Third-Party Plaintiff and Appellant,

v.

**PIONEER WHOLESALE SUPPLY COMPANY**, a Utah corporation, and Paine Lumber Company, Inc., a corporation, Third-Party Defendants and Respondents.

No. 18657.

Supreme Court of Utah.

April 16, 1984.

Willard R. Bishop, Cedar City, for third-party plaintiff and appellant.

Michael W. Park, Cedar City, for Paine Lumber.

Paul S. Felt, and Douglas M. Monson, Salt Lake City, for Pioneer Wholesale.

OAKS, Justice:

Utah's enactment of the Uniform Commercial Code provides that actions for breach of warranty in a contract for the sale of goods must be commenced within four years after delivery of the goods. U.C.A., 1953, § 70A–2–725. The district court relied on that statute in granting summary judgment to bar a purchaser's action against a supplier and a manufacturer. We affirm.

Third-party plaintiff Perry was a subcontractor to furnish doors and millwork on a construction project for the Dixie Medical Center in St. George. Perry ordered the doors by telephone from the supplier, Pioneer Wholesale, which then ordered them from the manufacturer, Paine Lumber. The supplier received the doors on September 24, 1974, and stored them in an area protected from the elements. In due course, the doors were shipped to the job site in St. George, where Perry received them on December 14, 1974, and stored them for a time before hanging them. On March 27, 1975, the general contractor, Acord-Harris Construction Co., gave Perry written notice of rejection of the doors for defects. When Perry failed to remedy the defects, the contractor purchased replacement doors directly from the supplier on July 1, 1975.

The general contractor originated this action on March 25, 1977, with a complaint against Perry for breach of contract. It was not until February 26, 1980, that Perry filed this third-party complaint against the supplier, and on October 17, 1980, Perry amended the complaint to include the manufacturer. The amended third-party complaint alleged that the supplier and the manufacturer had warranted the doors and that both of these third-party defendants had breached their warranties. Perry's only claim for relief stated that in the event he was held liable to the general contractor he should have judgment against the supplier and the manufacturer in the same amount.

After the trial court granted third-party defendants' motions for summary judgment on the basis of the four-year statute of limitations in § 70A–2–725, Perry stipulated to a judgment against him by the general contractor. Perry now appeals the granting of summary judgment in his third-party action against the supplier and the manufacturer.

## I. GENERAL CONTRACT STATUTE OF LIMITATIONS

Perry first contends that the trial court erred by failing to apply § 78–12–23, which provides a six-year limitation period for an action upon a contract in writing. Even if this were an action on a written contract, which third-party defendants dispute, the trial court was correct in rejecting the application of this general statute of limitations. When two statutory provisions appear to conflict, the more specific provision will govern over the more general provision. *Millett v. Clark Clinic Corp.*, Utah, 609 P.2d 934 (1980). Thus, where the Uniform Commercial Code sets forth a limitation period for a specific type of action, this limitation controls over an older, more general statute of limitations. *Payne v. Far-Mar-Co.*, Mo., 612 S.W.2d 54 (1981); *Reiss v. Pacific Steel Pool Corp.*, 73 Misc.2d 78, 341 N.Y.S.2d 364 (1973). That rule establishes § 70A–2–725 as the applicable statute of limitations for the cause of action alleged in this case.

## II. RELATION BACK

Perry argues that under Utah R.Civ.P. 15(c) his amended third-party complaint should relate back to the filing of the

original action in 1977. This argument is without merit because the relation-back doctrine does not apply to an amendment that adds new parties who have no identity of interest with existing parties.

> Generally Rule 15(c), U.R.C.P., will not apply to an amendment which substitutes or adds new parties for those brought before the court by the original pleadings—whether plaintiff or defendant. This [is] for the reason that such would amount to the assertion of a new cause of action, and if such were allowed to relate back to the filing of the complaint, the purpose of a statute of limitation would be defeated.

*Doxey-Layton Co. v. Clark,* Utah, 548 P.2d 902, 906 (1976). "Identity of interest" as used in this context means that the parties are so closely related in their business operations that notice of the action against one serves to provide notice of the action to the other. Such an identity exists, for example, between past and present forms of the same enterprise. *See Spiker v. Hoogeboom,* Colo.App., 628 P.2d 177, 179 (1981). In this case, there was no evidence showing any identity of interest between the original plaintiff, the defendant, and the third-party defendants other than privity of contract. This is an insufficient identity of interest for the purpose of Rule 15(c). If any third-party action automatically related back to the date of filing of the original complaint, Rule 15(c) would become an all-encompassing rule that would eliminate all limitations on third-party actions. The law is otherwise.

### III. INDEMNITY THEORY AND § 70A–2–725

Perry argues that § 70A–2–725 does not apply because his action is in reality one for indemnity, not one for breach of warranty. We consider this argument in the context of the undeniable fact that the subject matter of this entire lawsuit is the sale of goods, which will be governed where applicable by the Utah version of the Uniform Commercial Code. U.C.A., 1953, § 70A–1–101, *et seq.* The underlying action was for breach of contract, and the amended third-party complaint alleges only a cause of action for breach of warranty. It nowhere mentions indemnity. Nonetheless, we look to the substance of Perry's claim, regardless of what he chose to call it.

■ The issue here is whether a purchaser of goods can obtain indemnity from a manufacturer or supplier for damages the purchaser was forced to pay by reason of an alleged breach of warranty even though the purchaser did not file its indemnification action until after the statute of limitations had run on the underlying cause of action. We agree with the district court that the Uniform Commercial Code forbids such a result.[1]

Courts in other states have split on whether U.C.C. § 2–725 bars an indemnity action. The Georgia Court of Appeals and the Illinois Supreme Court have held that § 2–725 bars a separate period of limitation for indemnity claims based on breach of warranty. *PPG Industries, Inc. v. Genson,* 135 Ga.App. 248, 217 S.E.2d 479 (1975); *Maxfield v. Simmons,* 96 Ill.2d 81, 70 Ill.Dec. 236, 449 N.E.2d 110 (1983).[2] On the other hand, the New York Court of Appeals held that § 2–725 does not apply to any indemnity action, whether based on contract or tort.[3] *McDermott v. City of*

---

**1.** The district court ruled as follows:

The four-year statute applicable to the indemnity theory does not apply in this case because a sale of goods occurred in 1974 with observable defects (if any), and any cause of action against Third-Party Defendants arose at that time. Otherwise, anyone buying defective goods could resell them before or after the statute had run, and upon being sued for the original defects, file a third-party complaint for indemnity and thus defeat the policy of repose underlying the statute of limitation.

**2.** However, the Illinois court found that since the plaintiff had pleaded a separate cause of action for negligence the dismissal of the action by the trial court had to be reversed. 96 Ill.2d at 83, 70 Ill.Dec. 238, 449 N.E.2d at 112.

**3.** The New York courts have apparently extended the concept of products liability to purely economic injuries. *See Infante v. Montgomery*

*New York,* 50 N.Y.2d 211, 428 N.Y.S.2d 643, 406 N.E.2d 460 (1980).

In actions for indemnity, courts universally require proof of three elements: (1) the payor (prospective indemnitee) must discharge a legal obligation the payor owes to a third person; (2) the prospective indemnitor must also be liable to the third person; and (3) as between the claimant payor and the prospective indemnitor, the obligation ought to be discharged by the indemnitor. *Ore-Ida Foods, Inc. v. Indian Head Cattle Co.,* 290 Or. 909, 919–20, 627 P.2d 469, 475 (1981). Third-party defendants argue that the second element is lacking. *But see* § 70A–2–318. Our holding that § 70A–2–275 controls *all* actions for breach of contract for the sale of goods makes it unnecessary for us to resolve that issue.

As a general rule, a cause of action for indemnity does not arise until the liability of the party seeking indemnity results in his damage, either through payment of a sum clearly owed or through the injured party's obtaining an enforceable judgment. *Simon v. Kansas City Rug Co.,* Mo., 460 S.W.2d 596 (1970); *Gibbons v. Nalco Chemical Co.,* 91 Ill.App.3d 917, 47 Ill.Dec. 472, 415 N.E.2d 477 (1980). As a corollary, the statute of limitations on an indemnity action does not begin to run until the cause of action accrues, even though the statute of limitations on the underlying action may already have run. *Musco v. Conte,* 22 A.D.2d 121, 254 N.Y.S.2d 589 (1964); *Missouri Pacific Railroad v. Southern Pacific Co.,* Tex.Civ.App., 430 S.W.2d 900 (1968). *See* Annot., 20 A.L. R.2d 925 (1951). If the general rule applied here, the trial court was in error in granting summary judgment.

In contrast, the limitation period specified in the Uniform Commercial Code conflicts with the general limitations rule for indemnity actions. Section 70A–2–725 provides in pertinent part:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made ....

The language of this provision appears to be absolute. The action *must* be commenced within four years after the action accrues, and a cause of action for breach of warranty accrues when tender of delivery is made, "regardless of the aggrieved party's lack of knowledge of the breach." By its terms, this provision appears to override the general rule regarding indemnity actions.

A specific statutory limitation period that seeks ultimate repose of causes of action will control over a general statute of limitations, even to cut off an indemnity action that technically has not accrued. Thus, in *Nevada Lakeshore Co. v. Diamond Electric, Inc.,* 89 Nev. 293, 295–96, 511 P.2d 113, 114 (1973), the Nevada Supreme Court interpreted a six-year limitation barring any action regarding improvements to real property as barring an indemnity action as well, declaring that the apparent purpose of the statute was "to afford ultimate repose and protection from liability ...." Similarly, in *Agus v. Future Chattanooga Development Corp.,* 358 F.Supp. 246 (E.D.Tenn.1973), the federal district court held that the fact that the limitation period ran from the completion of an improvement to real estate instead of from the date the injury occurred indicated

*Ward & Co.,* 49 A.D.2d 72, 371 N.Y.S.2d 500 (1975); *Nassau Roofing & Sheet Metal Co. v. Celotex Corp.,* 74 A.D.2d 679, 424 N.Y.S.2d 786 (1980). This blending of tort and contract concepts has never been accepted by this Court. *Cf.*

*Moorman Manufacturing Co. v. National Tank Co.,* 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982). *See generally* J. White & R. Summers, Handbook of the Law Under the Uniform Commercial Code § 11–5 (2d ed. 1980).

a legislative intent that the statute be one of repose, barring all actions.

A statute of repose generally "set[s] a designated event for the statutory period to start running and then provide[s] that at the expiration of the period any cause of action is barred regardless of usual reasons for 'tolling' the statute." *Restatement (Second) of Torts* § 899, comment g (1979). Statutes of repose "set a fixed limit after the time of the product's manufacture, sale or *delivery* beyond which the product seller will not be held liable." *Bolick v. American Barmag Corp.*, 306 N.C. 364, 293 S.E.2d 415, 417 (1982) (emphasis added).

The absolute language of § 70A–2–725, including the provision that an action accrues at the time of tender of delivery regardless of whether an aggrieved party knows of the breach (generally a ground for tolling), indicates a legislative intent that all actions based on breach of contract for the sale of goods be brought, if at all, within four years of the tender of delivery. This interpretation is further supported by the statutory provision prohibiting the parties from extending the limitation period by agreement. The statute was apparently intended to afford ultimate repose in transactions for the sale of goods. Application of the general indemnity rule would contradict this specific direction by extending the time in which to bring an indemnity action based on a breach of warranty to four years after the party seeking indemnity becomes liable. *See, e.g., Gibbons v. Nalco Chemical Co., supra* (permissible to bring indemnity action nearly nine years after accident that gave rise to underlying lawsuit).

We are persuaded that the language of § 70A–2–725 indicates an intent that there be repose from all actions based on breach of warranty that are brought more than four years after the tender of delivery of the goods. We therefore hold that the trial court correctly dismissed the amended third-party complaint.

Appellant's remaining points on appeal are without merit. The judgment of the trial court is affirmed. Costs to respondents.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.