930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Kenneth McHENRY, Plaintiff-Appellant,
v.
AETNA LIFE AND CASUALTY INSURANCE COMPANY, Defendant-Appellee.
 No. 90-4006.
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff McHenry appeals from the district court's entry of summary judgment in favor of defendant Aetna Life and Casualty Insurance Company. McHenry contends that the district court erred in concluding that McHenry's claims were barred by the relevant statute of limitations and therefore no genuine issue of material fact existed as to Aetna's alleged liability for the events giving rise to McHenry's complaint.
 
 
 3
 We review the district court's entry of summary judgment de novo and will affirm if, after reviewing the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Osgood v. State Farm Mut. Auto Ins. Co., 848 F.2d 141, 143 (10th Cir.1988); Ewing v. Amoco Oil Co., 823 F.2d 1432, 1437 (10th Cir.1987).
 
 
 4
 This case arises from McHenry's claim that his defense in a medical malpractice action was not properly conducted by counsel provided by Aetna, his malpractice insurer, and that Aetna was negligent in failing to provide him with competent counsel. The medical malpractice action was settled within policy limits and approved by the court on September 27, 1983. The circumstances surrounding the medical malpractice suit are irrelevant to our analysis. However, it is necessary to reconstruct the history of the various pleadings filed by McHenry in his action against Aetna. A chronology follows:
 
 
 5
 November 21, Civil No. 71192, McHenry v. Stott, Aetna, et al., District
 
 
 6
 1985 Court, Utah County;
 
 
 7
 November 22, Civil No. 71172, McHenry v. Stott, et al., amended complaint
 
 
 8
 1985 deleting Aetna;
 
 
 9
 November 20, Civil No. 71172, McHenry v. Stott, Aetna, et al., second
 
 
 10
 1987 amended complaint adding Aetna;
 
 
 11
 November 20, Summons issued and served on individual attorneys and Aetna;
 
 1987
 
 12
 November 23, Civil No. 872591, McHenry v. Aetna, Utah County District
 
 
 13
 1987 Court;
 
 
 14
 December 9, Civil No. 71192, McHenry v. Stott, Aetna, et al., action
 
 
 15
 1987 voluntarily dismissed by McHenry through counsel;
 
 
 16
 December 14, Order of dismissal signed by the court;
 
 1987
 
 17
 August 30, Civil No. 88771J, McHenry v. Aetna, United States District
 
 
 18
 1988 Court for the District of Utah;
 
 
 19
 July 10, 1989 Civil No. 872591, McHenry v. Aetna, dismissed for failure to
 
 
 20
 prosecute.
 
 
 21
 We first consider the appropriate statute of limitations applicable to McHenry's claim. Utah's statute of limitations governing contract disputes provides a six-year period in which to bring suit. Utah Code Ann. Sec. 78-12-23. However, actions grounded in legal malpractice and negligence are governed by Utah Code Ann. Sec. 78-12-25, providing a four-year period in which to bring suit. McHenry argues that his claim against Aetna is for breach of the contract of insurance and is therefore within Utah's six-year period allowed for contract claims. We do not agree. Most states have recognized a cause of action based on bad faith of insurance carriers; however, there appear to be differing opinions as to the characterization of such claims as contract or tort. See McCullough v. Golden Rule Ins. Co., 789 P.2d 855, 857-58 (Wyo.1990); Shernoff, W., Insurance Bad Faith Litigation 1-107 (1990). McHenry cites Beck v. Farmers Insurance Exchange, 701 P.2d 795 (Utah 1985), wherein the Utah Supreme Court held that in the relationship between the insurer and the insured, the duties and obligations of the parties are contractual in nature and a breach of duty or obligation gives rise to a contract action and not one in tort. Id. at 800. However, in a footnote to this holding, the court recognized that in breaches which are "independent of the contract," an action in tort may arise. Id at 800, n. 3.
 
 
 22
 McHenry has never alleged that Aetna refused to provide him with a defense. In fact, the record indicates that Aetna made every attempt to not only provide McHenry with a defense, but to do so according to McHenry's demands and dictates. Aetna's duties and obligations under the insurance contract were fulfilled. McHenry's claims allege negligence and legal malpractice, are independent of the contract, and are thereby distinguishable from the situation in Beck. The district court was correct in determining that Utah's four-year statute of limitations, Utah Code Ann. Sec. 78-12-25, is applicable.
 
 
 23
 We must next determine whether McHenry's action is timely. The record indicates that McHenry's cause of action against Aetna arose at the latest on September 27, 1983, when the Utah state court accepted the settlement of the medical malpractice claim as to all parties and dismissed the complaint. Therefore, the statute of limitations would have run, at the latest, on September 27, 1987. McHenry did not file his complaint in federal court until August 30, 1988. However, we must determine whether there is any circumstance which tolls the statute. McHenry argues that Utah's saving statute, Utah Code Ann. Sec. 78-12-40,[1] operates in his favor. In order to make a determination as to the validity of his argument, we must return to the chronology of McHenry's state court filings as previously set forth to determine whether McHenry's second amendment to his complaint filed November 20, 1987, relates back to the filing of the initial complaint.
 
 
 24
 When McHenry filed his initial complaint on November 21, 1985, he was obviously aware that he may have a legal cause of action and was also aware of the parties he wished to charge. He named Aetna and the individual attorneys who conducted his medical malpractice defense. For reasons known only to McHenry, he filed his first amended complaint one day later on November 22, 1985, eliminating Aetna as a defendant. No summons was issued or served on any party in relation to either of these complaints. It then appears the action sat dormant for two years until November 20, 1987, when McHenry filed his second amended complaint, adding Aetna as a defendant. Summonses were finally issued and served at this time. This service would have been the parties' first notice that any action was pending against them.
 
 
 25
 The relevant question is whether McHenry's second amended complaint, filed outside the four-year statute of limitations, relates back to the original complaint thereby perhaps allowing application of Utah's one-year saving statute. Utah R.Civ.P. 15(c) (1989) governs the relation back of amendments in Utah state courts.
 
 
 26
 (c) Relation back of amendments. Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.
 
 
 27
 The Utah Court of Appeals has held that, as a general rule, "Rule 15(c) does not apply to amendments which substitute or add new parties to those brought before the court by the original pleadings." Vina v. Jefferson Ins. Co. of N.Y., 761 P.2d 581, 586 (Utah App.1988); see also Perry v. Pioneer Wholesale Supply Co., 681 P.2d 214, 217 (Utah 1984). However, the court in Vina articulated an exception if the old and new parties are found to have an "identity of interest," Vina, 761 P.2d at 586, such that "notice of the action against one serves to provide notice of the action to the other." Perry, 681 P.2d at 217. Since the individual attorneys named in the original state complaint, were not served with notice of the state action until November, 1987, we do not need to reach the question of whether these parties have the requisite identity of interest to allow McHenry's second amended complaint to relate back. Notice cannot be charged to Aetna through notice to the attorneys. Therefore, McHenry's untimely federal action cannot be salvaged by the saving statute.
 
 
 28
 On November 23, 1987, McHenry filed an additional complaint arising out of the same facts, Civil No. 87-2591. The parties do not dispute that service in this action was accomplished. However, this action also falls outside the applicable statute of limitations and cannot work to save McHenry's claim.
 
 
 29
 McHenry also contends that the court erred in refusing to consider an affidavit, opposing Aetna's motion for summary judgment, filed one day prior to the summary judgment hearing. The district court concluded this document was not in compliance with Rule 5(e), Civil Rules of Practice of the United States District Court for the District of Utah.[2] Fed.R.Civ.P. 83 allows each United States district court the latitude to promulgate its own rules regarding its practice as long as these local rules do not conflict with the federal rules. This court has upheld this authority. See Hernandez v. George, 793 F.2d 264, 266 (10th Cir.1986). We have also recognized the court's discretion in applying its own local rules. Smith v. Fort Motor Co., 626 F.2d 784, 796 (10th Cir.1980) (citing Martinez v. Thrifty Drug & Discount Co., 593 F.2d 992, 994 (10th Cir.1978)), cert. denied, 450 U.S. 918 (1981). We have examined the subject affidavit and conclude that there was no abuse of discretion in the district court's determination that the affidavit was unacceptable as to format and content in light of the requirements of Rule 5(e). As to McHenry filing his affidavit one day before trial,[3] McHenry has offered no reasonable explanation or excuse which would lead us to conclude that the district court's discretion to grant a waiver of the timeliness requirement was necessary. The district court did not abuse its discretion in refusing to consider McHenry's affidavit.
 
 
 30
 We have considered McHenry's additional arguments and find them to be without merit. We GRANT McHenry's petition to proceed on appeal in forma pauperis. We DENY McHenry's request for sanctions pursuant to Fed.R.Civ.P. 38 and Aetna's request for an award of attorney's fees. The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 78-12-40. Effect of failure of action not on merits
 If any action is commenced within due time and a judgment thereon for the plaintiff is reversed, or if the plaintiff fails in such action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the same shall have expired, the plaintiff, or if he dies and the cause of action survives, his representatives, may commence a new action within one-year after the reversal or failure.
 
 
 [2]
 
 (e) Memoranda of authorities
 * * *
 A memorandum in opposition to a motion for summary judgment shall begin with a section that contains a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, shall state the number of the movant's fact that is disputed....
 * * *
 A memorandum opposing a motion shall be filed within fifteen (15) days after service of the motion....
 
 
 [3]
 The record indicates that Aetna's motion for summary judgment was mailed to McHenry on August 30, 1989. McHenry submitted his affidavit to the court on November 8, 1989