VOROS, Judge
(concurring):
11 I write separately to explain why I believe the text of the relevant statutes requires reversal of Valdez-Sadler's conviction. I concur in the lead opinion except insofar as it may -be inconsistent with this opinion.
112 The obstruction of justice statute makes it a crime to harbor or conceal a person "with intent to hinder, delay, or prevent the investigation, apprehension, prosecution, conviction, or punishment of any per *344 son regarding conduct that constitutes a criminal offense." Utah Code Ann. § 76-8-306(1)(e) (LexisNexis 2012). This provision does not mention probationers or parolees. Nevertheless, read in isolation, this statute could, in my estimation, reasonably apply to Valdez-Sadler's conduct here.
{13 However, we do not read statutes in isolation. Rather, "we read the plain language of the statute as a whole, and interpret its provisions in harmony with other statutes in the same chapter and related chapters." State v. Barrett, 2005 UT 88, 129, 127 P.8d 682 (citation and internal quotation marks omitted). In addition, "we interpret[ ] statutes to give meaning to all parts, and avoid[ ] rendering portions of the statute superfluous." State v. Watkins, 20183 UT 28, 123, 309 P.3d 209 (alterations in original) (citation and internal quotation marks omitted). Finally, "[wlhen two statutory provisions appear to conflict, the more specific provision will govern over the more general provision." Perry v. Pioneer Wholesale Supply Co., 681 P.2d 214, 216 (Utah 1984).
114 These canons of construction require us to read the obstruction of justice statute, section 76-8-306, in harmony with the following section, section 76-8~306.5. Section 76-8 306.5 applies specifically to harboring or concealing parolees and probationers. In pertinent part, section 76-8-306.5 makes it a crime to harbor or conceal a probationer with knowledge that "a court has issued an order to show cause regarding a defendant's violation of the terms of probation." Utah Code Ann. § 76-8-806.5 (LexisNexis 2012). Accordingly, applying section 76-8-306 rather than section 76-8-806.5 to harboring or concealing probationers would violate two of the aforementioned canons. It would render section 76-8-306.5 superfluous, and it would allow the more general provision to govern the more specific. Accordingly, I do not read section 76-8-806 to apply to harboring or concealing probationers.[2]
15 By its own terms, section 76-8-806.5 applies to the typical situation where "a court has issued an order to show cause regarding a defendant's violation of the terms of probation." Id. § 76-8-806.5. And the record here does not indicate that a court issued an order to show cause on Boyfriend. But our reading of the statutory scheme should not be controlled by the fact that the present case arose in an atypical manner.
116 In sum, because section 76-8-806.5 explicitly applies to harboring or concealing probationers, section 76-8-306 does not.[3]

. Admittedly, the legislature might have made its intent explicit, as it did when it stated that the obstruction statute "does not apply to harboring a youth offender, which is governed by Section 62A-7-402." Utah Code Ann. § 76-8-306(5) (LexisNexis 2012). But neither did the legislature make a contrary intent explicit, leaving us to construe the statutes according to our usual canons of construction.

. This conclusion rests on my reading of the statutory text, not the legislative history. Comments made by legislators or others in the course of the legislative process matier far less than the text of the legislation itself. "Any suppositions about what the legislature may have intended cannot properly override what it actually did." State v. Clark, 2011 UT 23, 117, 251 P.3d 829.
We are, after all, "governed by laws, not by the intentions of legislators." Conroy v. Aniskoff, 507 U.S. 511, 519, 113 S.Ct. 1562, 123 LEd.2d 229 (1993) (Scalia, J., concurring). In any event, "[t]he best evidence of the true intent and purpose of the Legislature in enacting the Act is the plain language of the Act." State v. Hunt, 906 P.2d 311, 312 (Utah 1995). Consequently, "[in the game of statutory interpretation, statutory language is the ultimate trump card, and the remarks of sponsors of legislation are authoritative only to the extent that they are compatible with the plain language" of the statute. United States v. Czubinski, 106 F.3d 1069, 1078 (Ist Cir.1997) (citation and internal quotation marks omitted). |