STURGES MANUFACTURING COMPANY, Appellant, v. UTICA MUTUAL INSURANCE COMPANY, Respondent.

Third Department, June 13, 1974.

*Carter, Conboy, Bardwell & Case* (*James S. Carter* of counsel), for appellant.

*Martin, Noonan, Hislop, Troue & Shudt* (*William E. Noonan* of counsel), for respondent.

GREENBLOTT, J. This is another in what appears to be a growing series of cases involving the duty of an insurance company to defend its insured under a policy of products liability insurance in an action arising out of the purchase and sale of defective merchandise where there is no personal or property damage in the classic tort sense. In 1971, plaintiff manufactured and sold

to the Americana Ski Company runaway straps[1] to be used in connection with the latter's ski bindings. The straps were allegedly warranted to withstand a pull of at least 1,200 pounds, but were alleged to be defective in use in that the stitching on the straps would break down under stress.

As a result of said defect, numerous bindings were allegedly returned by customers to Americana's distributor, which in turn returned the bindings to Americana and canceled an order for 10,000 additional units. Americana sued plaintiff on theories of breach of warranty and negligent manufacture, claiming damages for the returned bindings, the loss of the distributor's order for 10,000 units, and damage to Americana's firm name and good will. Plaintiff demanded that defendant appear and defend under the products liability policy. Defendant declined, contending that there was no coverage. Plaintiff thereupon commenced the instant declaratory judgment action, and, after trial, the court held that there could not be any coverage under the policy, wherefore there was no duty to defend. It is from this determination that the present appeal is taken.

As we recognized in *Advanced Refrigeration & Appliance Co. v. Insurance Co. of North Amer.* (42 A D 2d 484), the insurer's obligation to defend, which is of necessity broader than its obligation to pay, arises whenever the complaint "alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy" (*Great Amer. Ins. Co. v. London Records,* 35 A D 2d 661, 662; see *Prashker v. United States Guar. Co.,* 1 N Y 2d 584). We take the view here, as we did there, "that plaintiff was not exposed to any risk of products liability within any reasonable interpretation of the policy and the pleadings" (*Advanced Refrigeration & Appliance Co. v. Insurance Co. of North Amer., supra,* p. 485).

Although it can be acknowledged that ski bindings ordinarily are not used without runaway straps, it was not alleged in Americana's complaint against plaintiff that the former's bindings were rendered defective or inoperable such that they could not have been used with straps procured from another source. The only damage was "damage to the named insured's products", for which the insurance was expressly declared to be inapplicable by exclusion (1) of the policy. We are also in accord with the view taken by the trial court that Americana's claim against plaintiff was based upon an alleged deficiency in the

---

1. Runaway straps are attached to the ski binding and to the skier's boot to prevent the ski from running away if and when the skier's boot is released from the binding.

design of the straps which resulted in their failure to perform the intended function, rather than an active malfunction, wherefore the insurance was specifically inapplicable by virtue of exclusion (k) of the policy.

The case at bar is distinguishable from *Thomas J. Lipton, Inc.* v. *Liberty Mut. Ins. Co.* (71 Misc 2d 199, affd. 41 A D 2d 1029), where the insured's products were ingredients in soup mixes prepared by the customer by whom it was being sued, and the soup mixes could not be sold when it was found that the insured's ingredients were contaminated.[2] Here, there was no damage "to *some property* other than the product" (*Advanced Refrigeration & Appliance Co.* v. *Insurance Co. of North Amer., supra*, p. 486). If there be any confusion as to the meaning we intended to convey in the *Advanced Refrigeration & Appliance Co.* case, we reiterate here that, in our view, it would be a strained and unnatural reading of the policies before us in that case and the case at bar to find an intent under a " products liability " indorsement to provide coverage where the only damage is the failure of the insured's product to perform its function, in the absence of clear language establishing such an intent. Within the natural meaning of the language of the policy, there was no " damage " to Americana's bindings or other " property "; in other words there was no injury caused by plaintiff's product, rather plaintiff's product simply failed to work. Therefore, whether the action against plaintiff was grounded on negligence or warranty, there was no claim for which " products liability " coverage properly applied.

The judgment should be affirmed, with costs.

KANE, J. (dissenting). Although this is a particularly close issue, I must vote to reverse the judgment and direct defendant to defend plaintiff in the action brought by Americana. Common experience informs one that a runaway strap may break without necessarily causing injury to the remainder of the binding to which it had been attached. Nevertheless, Americana's complaint alleges that its distributor " returned the ski bindings as damaged ". It is apparent that the insurer in *Advanced Refrigeration & Appliance Co.* v. *Insurance Co. of North Amer.* (*supra*) would have been required to defend in that case if the hotel had alleged spoilage of its foodstuffs placed in the insured refrigeration system instead of simply claiming, as it did, that

---

2. The *Lipton* decision was ultimately based upon interpretation of an exclusion provision which is not invoked in the case at bar, and, therefore, we express no opinion as to the correctness of the basis for decision in that case,

the unit failed to perform with resultant repair expense. In my view Americana is maintaining more than the mere failure of the strap to function; it claims actual spoilage of its bindings as a result. To the extent that the complaint alleges damage to Americana's profits and goodwill, it might be that defendant's policy does not protect against such risks as only such "property damage" defined as "injury to or destruction of tangible property" is covered by the policy terms. However, since some injury to the binding proper appears to be alleged, I cannot agree with the majority's contention that the only damage was to the insured product within policy exclusion (1).

More troublesome is policy exclusion (k) restricting coverage for damages resulting from the product's failure to serve its intended function when the failure is due to a design or specification deficiency, but not when damage results from the product's "active malfunctioning." Americana avers damage to its bindings "due to the breakage of the strap stitching when put in use". It is certainly possible that this occurrence could be attributed to a thread or material design defect for which coverage would not be available under defendant's policy. Yet it seems equally possible that proof could be adduced to show that, though properly designed, the stitching failure was the result of active malfunctioning. Although this distinction will be vital from defendant's standpoint of coverage, it should be remembered that we are here dealing only with its broader duty to defend the underlying action. I am not presently prepared to say that Americana will be unable to establish, under any theory of proof, actual damage to its bindings from the active malfunctioning of plaintiff's component runaway straps for which defendant's coverage could be available (cf. *Lionel Freedman, Inc.* v. *Glens Falls Ins. Co.*, 27 N Y 2d 364).

Accordingly, Special Term should have granted partial declaratory judgment to plaintiff requiring respondent to defend against Americana's action at least until such time as the evidence dispelled any substantial possibility of coverage for the damage alleged.

STALEY, JR., J. P., SWEENEY and REYNOLDS, JJ., concur with GREENBLOTT, J.; KANE, J., dissents and votes to reverse in an opinion.

Judgment affirmed, with costs.