JOHN R. DUDLEY CONSTRUCTION, INC., Respondent, v DROTT MANUFACTURING COMPANY et al., Appellants.

Fourth Department, January 19, 1979

## APPEARANCES OF COUNSEL

*Costello, Cooney & Fearon (Raymond R. D'Agostino* of counsel), for appellants.

*Bogart, Andrews & Huffman (William S. Andrews* of counsel), for respondent.

## OPINION OF THE COURT

HANCOCK, JR., J.

We must decide whether, on the facts pleaded, a cause of action in strict products liability against a manufacturer may be sustained where the damages pleaded relate solely to physical injury to the product itself.

On July 24, 1975 a Drott Model 2500 Cruz Crane owned by the plaintiff while being operated within its capacity suffered a sudden structural failure. Certain turntable bolts connecting the superstructure to the undercarriage broke. The superstructure, containing the engine and the cab from which a 62-foot boom extended, came off its mounting and crashed to the ground along with the attached boom and load. There were no personal injuries and no damage to the load or to surrounding structures or personal property. The crane was heavily damaged. Plaintiff had purchased the crane on November 15, 1974 used and "as is" under a disclaimer of warranty from J. I. Case Credit Corporation (Case Credit), a separate corporate entity independent of the other defendants. The crane had been manufactured in 1970 by the defendant Drott Manufacturing Company (Drott), a division of defendant J. I. Case Company (Case Company) and had been serviced by the defendant Case Power and Equipment Corp. (Case Power). It is conceded that the plaintiff's purchase from Case Credit was a transaction with which the defendants Drott, Case Company and Case Power had no connection and that there was no contractual relationship between plaintiff and any one of these defendants pertaining to the purchase.

In its complaint plaintiff alleges four causes of action: (1) strict products liability in tort against Drott and Case Company; (2) negligence in design and manufacture against Drott and Case Company; (3) negligence in servicing the crane

against Case Power; and (4) breach of warranty against Case Credit. Special Term denied the motion of defendants Drott and Case Company to dismiss the first cause of action for failure to state a cause of action (CPLR 3211, subd [a], par 7) and denied the motions of Drott, Case Company and Case Power for summary judgment as to the second and third causes of action because the record presented triable factual issues (CPLR 3212). The defendants Drott, Case Company and Case Power appeal. The fourth cause of action against the seller, Case Credit, for breach of warranty has been dismissed. There is no appeal by the plaintiff.

■ We consider the question of whether plaintiff's first cause of action may stand even though the only property damage was to the crane itself. There appears to be little doubt that in New York strict products liability is a proper remedy for redress of injuries to property caused by defective manufacture and that if the load or other property had been injured or damaged by the crane's collapse, such damage would have been recoverable. *(Potsdam Welding & Mach. Co. v Neptune Microfloc,* 57 AD2d 993; *All-O-Matic Inds. v Southern Specialty Paper Co.,* 49 AD2d 935; see *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395, 400-401, 403; *De Crosta v Reynolds Constr. & Supply Corp.,* 49 AD2d 476, 478-479, affd 41 NY2d 1100; *Infante v Montgomery Ward & Co.,* 49 AD2d 72, 74-75; accord, *Seely v White Motor Co.,* 63 Cal 2d 9; *Hiigel v General Motors Corp.,* — Col —; 544 P2d 983; *Santor v A & M Karagheusian, Inc.,* 44 NJ 52; see Prosser, The Assault Upon The Citadel [Strict Liability To The Consumer], 69 Yale LJ 1099, 1143-1146; Restatement 2d, Torts, § 402A.)

■ Appellants Drott and Case Company have suggested no logical reason why, under the circumstances of the accident as alleged, the law should allow recovery for injuries to plaintiff's property beyond the limits of the crane (assuming there had been some) and disallow damages for the parts of the crane damaged or destroyed when it collapsed. In either case the damages could be said to have resulted from the same tortious conduct by appellants in supplying a crane that was dangerously susceptible to collapse because of the defective bolts. Nor are the considerations of public policy favoring recovery in the case of damage to property other than the crane any more compelling than those in the case of resultant damages to plaintiff's property in the crane itself. An action for strict products liability "seeks to provide a remedy for an individual

injured because of another's violation of an obligation imposed not by contract, but by law." *(Martin v Dierck Equip. Co.,* 43 NY2d 583, 589.) The legal duty stems from an awareness that in today's advanced technological society it is in the public interest that an increased responsibility be cast "upon the manufacturer, who stands in a superior position to recognize and cure defects for improper conduct in the placement of finished products into the channels of commerce". *(Micallef v Miehle Co., Div. of Miehle Goss Dexter,* 39 NY2d 376, 385.) Thus in New York, for causes of action arising prior to September 1, 1975,[1] a manufacturer is liable for placing a defective product into the stream of commerce "to any person injured or damaged if the defect was a substantial factor in bringing about his injury or damages; provided: (1) that at the time of the occurrence the product is being used (whether by the person injured or damaged or by a third person) for the purpose and in the manner normally intended, (2) that if the person injured or damaged is himself the user of the product he would not by the exercise of reasonable care have both discovered the defect and perceived its danger, and (3) that by the exercise of reasonable care the person injured or damaged would not otherwise have averted his injury or damages." *(Codling v Paglia,* 32 NY2d 330, 342.)

■ We hold therefore that defendants Drott and Case Company in manufacturing and marketing the crane owed a duty to plaintiff under the doctrine of strict products liability as defined in *Codling v Paglia* (32 NY2d 330, *supra)* not to place into the stream of commerce a crane containing defective bolts—the failure of which would create a danger of physical injury resulting to plaintiff's property whether it be injury to property extrinsic to the crane or to portions of the crane itself consequentially damaged as a result of the bolts' failure.

In reaching this decision, contrary to appellants' assertions, we need not embrace a rule that would allow recovery in manufacturer's liability cases where the essential claim is that the plaintiff has been deprived of the benefit of his bargain as in *Santor v A & M Karagheusian, Inc.* (44 NJ 52, *supra).* There the New Jersey Supreme Court upheld the use of the strict products liability theory in a suit by the ultimate consumer against the manufacturer of carpeting containing a flaw which marred its appearance and diminished its value. In

---

1. The effective date of the statute adopting the doctrine of comparative negligence in New York, CPLR 1411 (added by L 1975, ch 69).

*Santor* (unlike the case at bar) there was no physical injury and it could not be claimed that defendant had committed the tort of marketing a product which contained a defect that made it, when properly used, dangerous to life or limb or property. The total damages in *Santor* were measured by the difference between the price paid for the carpeting (i.e., its represented value without the flaw) and the market value of the carpeting with the flaw. Here, by contrast, the damages measured solely by the difference in value of the product with and without the defective parts (i.e., due to the defective bolts exclusive of the physical damage sustained in the crane's collapse) are insignificant. Rather, the damages sought here flow proximately from defendants' breach of its legal duty in manufacturing and marketing a large and complex machine containing a defect in a key structural part which gave way resulting in physical damages to extensive portions of the machine which were not defective and which would have been unharmed but for the crane's collapse. The Supreme Court in California, although recognizing that strict products liability in tort may properly be applied to physical injuries to the product itself of the type suffered here, would not have applied the doctrine to plaintiff's claim in *Santor (supra)* that the carpeting did not match his economic expectations. In explaining the difference in the policy considerations underlying the two theories of recovery, Chief Justice TRAYNOR, writing for the majority in *Seely v White Motor Co.* (63 Cal 2d 9, 18, *supra)* stated with respect to the *Santor* (44 NJ 52, *supra)* decision: "Only if someone had been injured because the rug was unsafe for use would there have been any basis for imposing strict liability in tort. The distinction that the law has drawn between tort recovery for physical injuries and warranty recovery for economic loss is not arbitrary and does not rest on the 'luck' of one plaintiff in having an accident causing physical injury. The distinction rests, rather, on an understanding of the nature of the responsibility a manufacturer must undertake in distributing his products. He can appropriately be held liable for physical injuries caused by defects by requiring his goods to match a standard of safety defined in terms of conditions that create unreasonable risks of harm. He cannot be held for the level of performance of his products in the consumer's business unless he agrees that the product was designed to meet the consumer's demands. A consumer should not be charged at the will of the manufacturer with bearing the risk of physical injury when he buys a

product on the market. He can, however, be fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will."[2]

Our holding here—involving as it does damages resulting from physical injuries to the crane incurred in an accident caused by the defective parts—is consistent with the more restrictive and, we think, the better view of the California court in *Seely v White Motor Co.* (63 Cal 2d 9, *supra*). (For decisions adopting the general rationale of *Seely v White Motor Co., supra,* as set forth in the quoted portion of Justice TRAYNOR's opinion; see *Hiigel v General Motors Corp.,* — Col —, 544 P2d 983, *supra; Mobility Homes of Tex. v Shivers,* 557 SW2d 77, 79-80 [Tex]; *Mid Continent Aircraft Corp. v Curry County Spraying Serv.,* 553 SW2d 935, 939-940 [Tex], application for writ of error granted; *Thermal Supply of Tex. v Asel,* 468 SW2d 927, 929-930 [Tex]; *Melody Home Mfg. Co. v Morrison,* 455 SW2d 825, 826-827 [Tex]; see *Keystone Aeronautics Corp. v Enstrom Corp.,* 499 F2d 146; *Sterner Aero AB v Page Airmotive,* 499 F2d 709, applying strict products liability where the claimed damages were to the product itself in cases involving helicopter and airplane crashes; see Note, 9 Tex. Tech L Rev 733.) It is unnecessary to predict whether New York courts will follow the New Jersey rule as enunciated in *Santor v A & M Karagheusian, Inc.* (44 NJ 52, *supra*).

Nor are cases such as *Sturges Mfg. Co. v Utica Mut. Ins. Co.* (45 AD2d 52, revd on other grounds 37 NY2d 69) and *Advanced Refrig. & Applicance Co. v Insurance Co. of North*

---

**2.** The California court's analysis, depending as it does on the essential difference between tort and contract, is not without parallel in the New York decisions. In *Martin v Dierck Equip. Co.* (43 NY2d 583, 589, *supra*), Judge JASEN, writing for the majority explained:

"In reaching this conclusion, we observe that a cause of action for breach of warranty is a contractual remedy—a remedy which seeks to provide the parties with the benefit of their bargain. It is, in essence, a remedy designed to enforce the agreement, express or implied, of the parties and to place them, should one of the parties fail to perform in accordance with the agreement, in the same position they would have been had the agreement been performed. (See *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395, 401, *supra;* Wade, Is Section 402A of the Second Restatement of Torts Preempted by the UCC and Therefore Unconstitutional, 42 Ten L Rev 123, 127.) On the other hand, a cause of action for negligence or for strict products liability seeks to provide a remedy for an individual injured because of another's violation of an obligation imposed not by contract, but by law. It does not attempt to afford the injured party the benefit of any bargain, but rather endeavors to place him in the position he occupied prior to his injury. In other words, negligence and strict products liability causes of action seek to make the injured party 'whole'."

*Amer.* (42 AD2d 484) involving the interpretation of the term "products liability" as used in liability insurance policies helpful to appellants. In *Advanced Refrig. & Appliance Co. (supra),* the claim was for breach of warranty of fitness for a particular purpose and for failure of the refrigeration system. *Sturges (supra)* involved straps for ski bindings which did not live up to the warranted strength and allegedly broke under stress. The claims in both cases were that the products did not "match [plaintiff's] economic expectations" (see discussion of *Seeley v White Motor Co.,* 63 Cal 2d 9, *supra* and *Santor v A & M Karagheusian, Inc.,* 44 NJ 52, *supra)* and did not involve physical damages resulting from a dangerous defect in the product.[3]

The contention of defendants Drott and Case Company that they may claim the benefit of the disclaimer of warranty and "as is" clauses in the purchase contract between plaintiff and Case Credit is without merit. It is conceded that Drott and Case Company were not in privity with plaintiff and there is no language in the purchase agreement suggesting any intention that the clauses should inure to the benefit of those defendants. Moreover, there is no showing that the clauses were intended to exclude a claim of physical damage to the product under the strict products liability theory. (See *Velez v Craine & Clark Lbr. Corp.,* 33 NY2d 117, 125; *Keystone Aeronautics Corp. v Enstrom Corp.,* 499 F2d 146, 150, *supra; Sterner Aero AB v Page Airmotive,* 499 F2d 709, 714, *supra; Vandermark v Ford Motor Co.,* 61 Cal 2d 256; *Mid Continent Aircraft Corp. v Curry County Spraying Serv.,* 553 SW2d 935, 941 [Tex], application for writ of error granted, *supra;* Restatement 2d, Torts, § 402A, comment m, pp 355-356; Note, 9 Texas Tech L Rev 733, 743-745.) Accordingly, the court's denial of the motion to dismiss the first cause of action pursuant to CPLR 3211 (subd [a], par 7) was proper.

Inasmuch as the record contains factual questions with respect to the second and third causes of action, the motions of defendants Drott, Case Company and Case Power for summary judgment pursuant to CPLR 3212 were properly denied.

---

3. Justice GREENBLOTT in *Sturges Mfg. Co. v Utica Mut. Ins. Co.* (45 AD2d 52, revd on other grounds 37 NY2d 69) noted *(supra,* p 52) that *Sturges* and *Advanced Refrig. & Appliance Co.* (42 AD2d 484) involve "the duty of an insurance company to defend its insured under a policy of products liability insurance in an action arising out of the purchase and sale of defective merchandise where there is no *personal or property damage in the classic tort sense."* (Emphasis added.)

The order should be affirmed.

MOULE, J. P., SIMONS, DILLON and SCHNEPP, JJ., concur.

Order unanimously affirmed, with costs.