QUEENSBURY UNION FREE SCHOOL DISTRICT, Respondent-Appellant, v JIM WALTER CORPORATION et al., Appellants-Respondents, et al., Defendants.

Third Department, July 30, 1981

APPEARANCES OF COUNSEL

*McNamee, Lochner, Titus & Williams (George F. Carpinello* of counsel), for appellants-respondents.

*Caffry, Pontiff, Stewart, Rhodes & Judge (H. Wayne Judge* of counsel), for respondent-appellant.

**OPINION OF THE COURT**

HERLIHY, J.

The Celotex Corporation (Celotex) manufactured and supplied components of a roofing system which a subcontractor purchased and installed in the course of erecting a school building for plaintiff in 1968 and 1969. Known as a Barrett bonded roof, the system utilized a new concept,

introduced by Celotex or its predecessor in 1964, involving the application of preconstructed materials to form a two-layer membrane instead of a conventional four-layer product. Plaintiff contends that Celotex represented that its process was equivalent in all respects to the standard four-ply technique and possessed the additional advantage of saving labor and material costs in installation. However, the membrane failed and water permeated insulation and other layers of the integrated roof. The leakage was first discovered in March or April of 1975 when water seeped into the building itself. It further appears that a repair bond, naming Celotex as principal, was issued to plaintiff in 1970 after completion of the project, but that the amount thereof was far less than the damages allegedly sustained. Efforts to resolve the difficulty proved fruitless and this action was commenced by plaintiff in January of 1977. Causes of action were set forth against Celotex or its parent, defendant Jim Walter Corporation, sounding in: (1) strict products liability, (2) breach of the express warranty to repair, (3) breach of implied warranty, and (4) negligence. Defendants moved to dismiss the first claim on the ground that it failed to state a cause of action, and to dismiss the third and fourth causes of action on the ground that they were barred by the Statute of Limitations. Special Term partially granted the application by dismissing the causes of action based on strict products liability and breach of implied warranty, but denied the branch of the motion addressed to the negligence cause of action. Since plaintiff has not appealed from the dismissal of its implied warranty claim, these cross appeals are limited to consideration of the first and fourth causes of action.

We agree with Special Term that the fourth cause of action is not time barred. It seems quite plain to us that the injury complained of occurred when the deterioration of the roof was first manifested, i.e., when damage to the building caused by water seepage was discovered in March or April of 1975. Accordingly, the claim of negligence is viable (cf. *Cubito v Kreisberg*, 69 AD2d 738, affd 51 NY2d 900; *Durant v Grange Silo Co.*, 12 AD2d 694).

The dismissal of the cause of action predicated on a theory of strict products liability presents a more troublesome

matter in an area where the law is somewhat unsettled; namely, whether and to what extent concepts of strict liability apply to construction projects. In the instant case, plaintiff generally maintains that a defective system was substituted for a traditional roof as a result of Celotex' advertising and merchandising efforts which directly represented the suitability and superiority of its product over conventional installations. Since actual construction was controlled by the general contractor, the architect, and subcontractors, it is further contended that plaintiff was unaware of this substitution until the roof failure was discovered. Citing *De Crosta v Reynolds Constr. & Supply Corp.* (49 AD2d 476, affd on other grounds 41 NY2d 1100) and *Dudley Constr. v Drott Mfg. Co.* (66 AD2d 368), defendants urge that the relationship between the parties, the bond, and the nature of the injury reflect nothing more than a consumer transaction which does not warrant the imposition of strict liability.

In this case, as in the *De Crosta* case, plaintiff is not an innocent bystander and its remedies as to strict products liability are controlled by its contracts. The contention that an independent duty to plaintiff exists by virtue of having put the material in the stream of commerce would obviate the dealings of the parties as to a 20-year guarantee by Celotex which is still in effect. The plaintiff herein has alleged no basis for asserting strict products liability *(De Crosta v Reynolds Constr. & Supply Corp., supra)*.

The order should be affirmed, without costs.

KANE, J. (concurring in part and dissenting in part). Although we agree plaintiff's negligence claim is not time barred, we do not believe its cause of action sounding in strict products liability was properly dismissed.

The pleadings contain no allegation or suggestion that plaintiff had a contract with defendants. As for the bond delivered upon completion of the project, the record seems to indicate it was nothing more than the standard guarantee Celotex routinely issued to those who became the ultimate users of the product. Factually, the majority's reliance on *De Crosta v Reynolds Constr. & Supply Corp.* (49 AD2d 476, affd on other grounds 41 NY2d 1100) is misplaced,

for there, on a motion for summary judgment, it clearly appeared that the injured plaintiff bargained directly with the defendant. Here, on a motion addressed to the sufficiency of the amended complaint, plaintiff may not be so easily characterized as a buyer disgruntled with its transaction, even if the roofing subcontractor who purchased Celotex' materials is viewed as an agent of the consumer. Moreover, we are persuaded that the legal analysis set forth in *De Crosta (supra)* no longer governs the instant situation. Strict products liability, based on tort concepts, attaches to the violation of a duty imposed by law not to place defective items in the stream of commerce which later cause injury to persons or property. Since the absence of privity did not impede development of this doctrine (see *Victorson v Bock Laundry Mach. Co.*, 37 NY2d 395, 401), it would be most illogical to now suppose that the mere existence of some accord between the injured party and the supplier can be raised as a barrier to its application. If defendants furnished unsafe components which damaged the roof or the balance of the structure, the contemporaneous pursuit of remedies founded on principles of contract law should not preclude recovery in strict liability for such a tort (cf. *Martin v Dierck Equip. Co.*, 43 NY2d 583, 589, 590). Plaintiff is not simply complaining that it failed to get a secure roof with a covenant to repair; the pleadings assert that defective materials produced by defendants were responsible for actual damage to the roof and building (see *Dudley Constr. v Drott Mfg. Co.*, 66 AD2d 368). A cause of action in strict products liability has been stated and the order appealed from should be modified accordingly.

MAHONEY, P. J., and SWEENEY, J., concur with HERLIHY, J.; KANE and WEISS, JJ., concur in part and dissent in part in an opinion by KANE, J.

Order affirmed, without costs.