■ HARTFORD INSURANCE GROUP et al., Respondents, v CURRY CHEVROLET SALES & SERVICE, INC., Defendant, and GENERAL MOTORS CORPORATION, Appellant.—In an action to recover damages for negligence and breach of warranty, General Motors Corporation appeals from a judgment of the Supreme Court, Westchester County (Walsh, J.), dated May 23, 1984, which, upon a jury verdict, was in favor the plaintiffs and against it in the sum of $16,977.35.

Judgment affirmed, with costs payable by the appellant to the respondents.

The plaintiffs commenced an action against General Motors Corporation (hereinafter GMC), alleging that GMC's negligent manufacturing of a 1978 Chevrolet truck owned by the plaintiffs' subrogors caused an electrical fire which damaged the truck beyond repair. The plaintiffs also alleged that GMC had breached its implied warranties of merchantability and fitness for the truck's particular purpose. A similar action was commenced against the defendant Curry Chevrolet Sales & Service, Inc. The actions were consolidated by stipulation.

According to the plaintiffs' expert, a consultant in the automotive industry, who conducted a seven-hour examination of the vehicle, the fire originated in the truck's dashboard, just below the steering column, and was the result of an electrical defect. GMC's expert was of the opinion that the fire began when oil used in the truck's hydraulic snow plow ignited after being heated by the truck's exhaust system. The hydraulic plow had been installed after GMC had delivered the truck to the dealer for sale. In rebuttal, a second expert for the plaintiffs explained that since the truck's hydraulic system was not in contact with the exhaust system, and since there was no evidence of an oil leak, the fire did not originate in the manner described by GMC's expert. The jury returned a verdict against GMC only. We affirm.

Although the plaintiffs' complaint alleged only causes of action sounding in negligence and breach of warranty, the evidence at trial supported a claim for damages for strict products liability. With the acquiescence of GMC, the court properly charged the jury under the doctrine of strict products liability and submitted to it interrogatories in keeping with a strict products liability claim *(see, Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 63; *see also, Goldstein v Brogan Cadillac Olsmobile Corp.,* 90 AD2d 512; PJI 2:141). The essence of the plaintiffs' claim was that the defect in GMC's product rendered it unduly dangerous and caused irreparable property damage. A claim sounding in strict products liability was therefore appropriate *(see, Schiavone Constr. Co. v Elgood Mayo Corp.,* 81 AD2d 221, 229 [dissenting opn], *revd* 56 NY2d 667 *for reasons stated in dissenting opn of Silverman, J.; Dudley Constr. v Drott Mfg. Co.,* 66 AD2d 368).

We find no abuse of discretion in the court's denial of a continuance in this instance, since GMC was afforded an adequate opportunity to present the opinion of its expert witness *(see, DiMauro v Metropolitan Suburban Bus Auth.,* 105 AD2d 236, 242; *Balogh v H.R.B. Caterers,* 88 AD2d 136, 143). We also find no abuse of discretion in the court's rulings upon the qualifications of the plaintiffs' experts *(see, Werner v Sun Oil Co.,* 65 NY2d 839). Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.