ROBERT J. KRZYS, Appellant, v AMERICAN HONDA MOTOR COMPANY, INC., Respondent.—Levine, J. 

Plaintiff purchased a used motorcycle, designed and manufactured by defendant, from one of defendant's licensed dealers. Some two years later, the motorcycle malfunctioned in that the "cam chain tensioner bolt stripped", necessitating its replacement. Plaintiff commenced the instant suit against defendant alleging causes of action in strict products liability, negligence and for breach of warranty. He sought damages for repairs, lost use of the motorcycle and lost depreciation.

Plaintiff subsequently consented to the dismissal of the breach of warranty claim which was time barred. Defendant then brought on a motion to dismiss the remainder of the complaint on the ground that plaintiff failed to state a cause of action. Plaintiff opposed the motion and cross-moved for summary judgment. Special Term granted defendant's motion, holding that plaintiff had alleged only economic damages not recoverable under either negligence or strict products liability, and denied plaintiff's motion. This appeal by plaintiff ensued. We now affirm.

A remote manufacturer may be held liable to a consumer-purchaser in tort under theories of strict products liability or negligence when an accident caused by an unduly dangerous, defective product results in personal injury or property damage to the product itself *(Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.,* 109 AD2d 449, 455; *Schiavone Constr. Co. v Elgood Mayo Corp.,* 81 AD2d 221, 231 [Silverman, J., dissenting], *revd on dissenting opn below* 56 NY2d 667; *Dudley Constr. v Drott Mfg. Co.,* 66 AD2d 368, 374).

However, when a product fails to function properly or deteriorates over time, necessitating repairs and engendering consequential damages such as loss of use, the cause of the damage is nonaccidental and the loss is economic *(County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.,* 114 AD2d 728, 729-730; *Schiavone Constr. Co. v Elgood Mayo Corp., supra; Dudley Constr. v Drott Mfg. Co., supra,* pp 372-374). In such a situation, the consumer's remedy is based upon contract, for breach of warranty, and a cause of action will not lie in either strict products liability or negligence *(County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs., supra; Schiavone Constr. Co. v Elgood Mayo Corp., supra).* A manufacturer is simply not held responsible for a product's failure to meet a consumer's expectations unless it agreed to bear that risk at the time of the sale *(id.).*

The damage sustained by plaintiff here, including the stripping of the motorcycle's cam chain tensioner bolt and loss of use and depreciation, was clearly economic. Unlike the occurrence in *Dudley Constr. v Drott Mfg. Co. (supra),* where the superstructure of a crane was severely damaged when defective bolts to its undercarriage broke, causing it to come off its mounting and crash to the ground, plaintiff here has not alleged separate physical destruction or property damage to the motorcycle itself or any other part thereof resulting from the malfunction of the cam chain tensioner bolt *(see, also, Trustees of Columbia Univ. v Mitchell/Giurgola Assoc., supra).*

Rather, his complaint is that a part of the motorcycle failed to perform as expected, and what he is seeking is, in essence, compensation for the loss of the benefit of his bargain. However, as already stated, such recovery is relegated to an action for breach of warranty, and plaintiff's strict products liability and negligence actions were properly dismissed.

We note in conclusion that Special Term likewise properly denied plaintiff's motion for summary judgment. Since plaintiff failed to state a cause of action, he was not entitled to the relief requested *(see, Wilkinson v Skinner,* 34 NY2d 53, 56).

Order affirmed, with costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.