■■■ GENERAL ELECTRIC COMPANY, Respondent-Appellant, v A. C. TOWNE CORPORATION et al., Appellants-Respondents.— Order and judgment unanimously modified on the law and as modified affirmed without costs, and matter remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Defendant A. C. Towne Corp. (Towne) contracted with the plaintiff General Electric Co. (G.E.) to design and install a conveyor system to transport funnels of television picture tubes through the funnel-painting stage of the production process at G.E.'s manufacturing facility in Liverpool, New York. Towne installed the system using component parts manufactured and supplied by the defendant Jarvis B. Webb Company (Webb). It was apparent from the beginning of its operation that the system did not function properly. The most serious problem was excess fallout of debris which contaminated the funnels. This problem persisted despite repeated efforts by Towne to remedy it. Towne then consulted Webb, which inspected the system and thereafter sent a letter to Towne advising that it found the system to be a "first-class installation", that the fallout problem did not seem excessive, and that the system should perform well for G.E. Towne subsequently forwarded a copy of this letter to G.E. When the problems with the fallout persisted and, in fact, worsened, G.E. decided to scrap the system and replace it.

Thereafter G.E. commenced an action against Towne and Webb which included claims for breach of express and implied warranties against Towne, negligent assembly and installation against Towne, negligent design by Towne and negligent misrepresentation against Webb. After a jury trial, the jury awarded damages to plaintiff against both defendants. All parties have appealed.

The court erred in not granting Webb's posttrial motion to dismiss the complaint insofar as it alleged negligent misrepresentation against Webb. G.E. sought to premise liability upon Webb based upon statements of its representative made in a letter to Towne, a copy of which was subsequently sent to G.E. There is nothing in the record, however, to indicate that Webb either intended or expected that this communication would be forwarded to G.E. nor did Webb know that G.E. would rely upon it to its detriment. Thus, plaintiff failed to establish all the necessary elements to support a cause of action for negligent misrepresentation (see, *White v Guarente*, 43 NY2d 356, 363; *see also, Credit Alliance Corp. v Andersen & Co.*, 65 NY2d 536, 551; *Home Mut. Ins. Co. v Broadway Bank & Trust Co.*, 76 AD2d 24, *affd* 53 NY2d 568). Furthermore, inasmuch as the damages established by G.E. are properly characterized as "economic loss" they are not recoverable in an action for tort based upon negligent misrepresentation (see, *Schiavone Constr. Co. v Elgood Mayo Corp.*, 56 NY2d 667, *revg* 81 AD2d 221 *on dissenting opn below; Krzys v American Honda Motor Co.*, 124 AD2d 947, 948, *lv denied* 69 NY2d 606; *Hemming v Certainteed Corp.*, 97 AD2d 976, *appeal dismissed* 61 NY2d 758).

G.E., on its cross appeal, contends that the court improperly limited proof on excess labor costs. We agree. These extra expenses were incurred by G.E. during the period of debugging the replacement system. The court has discretion to permit an amendment to conform the pleadings to the proof (CPLR 3025 [c]; *Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23, *rearg denied* 55 NY2d 801; *Murray v City of New York*, 43 NY2d 400, 404-405, *rearg dismissed* 45 NY2d 966; *Sharkey v Locust Val. Mar.*, 96 AD2d 1093, 1094). It is an abuse of discretion to deny a motion to conform unless the opposing party can allege demonstrable and real surprise or prejudice (*Loomis v Civetta Corinno Constr. Corp., supra*, at 23; *Guest v City of Buffalo, Dept. of Sts. Sanitation*, 109 AD2d 1080, 1081; *Nixon Gear & Mach. Co. v Nixon Gear*, 86 AD2d 746). Towne can make no such claim in this case. It had advance notice of the damages claimed through documents supplied to it by G.E. There can be no claim of prejudice because additional proof represents no more than a differing dollar amount of damages; the legal theory of the case and the essential proof were unchanged. Thus, the court should have allowed the amendment and the proof should have been permitted.

Accordingly, the cause of action against Webb is dismissed

and the matter is remitted for a trial on the issue of damages for the excess labor claim against Towne for the period of May through July 1983. (Appeals from order and judgment of Supreme Court, Onondaga County, Murphy, J.—breach of warranty.) Present—Callahan, J. P., Doerr, Green, Pine and Davis, JJ.