Simons, J.
(concurring in part and dissenting in part). The majority hold that the plaintiff has no remedy in this action because the damages are only "economic” and in that circumstance the risk of loss is best allocated between the parties by contract. In fact, there are two types of damages sought here: property damages for injury to the helicopter itself and the consequential loss of income and incidental expenses resulting from the destruction of the helicopter. I would allow a tort recovery for the former but not the latter.
As we have recognized, the fundamental distinction between tort and contract arises from " 'the nature of the interests protected. Tort actions are created to protect the interest in *695 freedom from various kinds of harm. The duties of conduct which give rise to them are imposed by the law, and are based primarily upon social policy, and not necessarily upon the will or intention of the parties’ ” (Victorson v Bock Laundry Mach. Co., 37 NY2d 395, 401 [quoting, Prosser, Torts § 92, at 613 (4th ed)]). The majority, focusing exclusively upon plaintiff’s apparent choice not to protect itself by contract provisions, repudiates any consideration of the duty of the manufacturer. It would agree with the Supreme Court that in commercial settings the manufacturer’s ability "easily to structure their business behavior” is the paramount concern (East Riv. S. S. Corp. v Transamerica Delaval, 476 US 858, 870). But this Court in a long line of decisions has resolved the question of public policy in favor of imposing a tort duty of care on manufacturers to protect consumers from dangerous and defective products (see, e.g., Thomas v Winchester, 6 NY 397; Devlin v Smith, 89 NY 470; MacPherson v Buick Motor Co., 217 NY 382; Codling v Paglia, 32 NY2d 330; Micallef v Miehle Co., 39 NY2d 376). Our law holds that if a manufacturer distributes a product which is unreasonably dangerous, one injured as a result of using the product may maintain an action in strict products liability. The duty of care is properly placed on the manufacturer, we have said, because in today’s society the manufacturer is in the best position to recognize and cure defects in its product which may cause injury and because it is in the best position to spread the cost for its failure to remedy such risks (see, Codling v Paglia, 32 NY2d 330, 341, supra).
Thus, a legal duty was imposed on defendant to avoid distributing a dangerously defective product at the time the product left its hands. If defendant breached that duty and plaintiff’s pilot was subsequently injured or the property of others damaged, defendant would be answerable in tort under accepted law. There is no good reason why tort recovery should not be similarly permitted when the defective product injures only itself. The damage to the helicopter is a direct and foreseeable harm proximately caused by the manufacturer’s breach of duty to market a product that was not dangerously defective and the manufacturer should not be cloaked with immunity merely because the resultant damage was fortuitously limited to the helicopter itself (see, Dudley Constr. v Drott Mfg. Co., 66 AD2d 368 [Hancock, Jr., J.]; Krzys v American Honda Motor Co., 124 AD2d 947, 948; Trustees of Columbia Univ. v Mitchell/Giurgola Assocs., 109 AD2d 449, *696 455; see also, Star Furniture Co. v Pulaski Furniture Co., 171 W Va 79, 297 SE2d 854; Russell v Ford Motor Co., 281 Ore 587, 575 P2d 1383; Cloud v Kit Mfg. Co., 563 P2d 248 [Alaska]; Vulcan Materials Co. v Driltech, Inc., 251 Ga 383, 306 SE2d 253). Whatever property is injured by the accident, the damage resulted from the same tortious conduct by the manufacturer in supplying a product that was dangerous. The well-developed considerations of public policy favoring recovery in the case of damage to property other than the product are no more compelling than those favoring recovery of resultant damages to the helicopter itself. One purpose of strict liability in tort is "to prevent a manufacturer from defining the scope of his responsibility for harm caused by his products” (Seely v White Motor Co., 63 Cal 2d 9, 17, 403 P2d 145, 150), and to reassign the risk of defective manufacture to the consumer for some property damages but not others undermines settled New York policy supporting the law of products liability.
I agree with the majority, however, that consequential damages for lost profits and incidental expenses suffered by plaintiff are not recoverable in tort. The distinction between property damage and economic injuries resulting from property damage is not arbitrary but recognizes the conceptual differences in tort and contract remedies and the various risks and obligations undertaken between a manufacturer and a consumer. Lost profits and other similar damages, unlike property damage, are properly cognizable as contract or warranty damages for which the consumer can bargain. The manufacturer should not be subjected to liability for the unlimited, unpredictable, and unforeseeable economic damages that may occur as a result of the particular use of the product by an attenuated commercial consumer (see, East Riv., 476 US, at 874, supra). On the other hand, the manufacturer may be held liable for the foreseeable damage to property resulting from a dangerous defect in the product. Former Chief Justice Traynor explained the distinction in this way:
"[the manufacturer] can appropriately be held liable for physical injuries caused by defects by requiring his goods to match a standard of safety defined in terms of conditions that create unreasonable risks of harm. He cannot be held for the level of performance of his products in the consumer’s business unless he agrees that the product was designed to meet the consumer’s demands. A *697 consumer should not be charged at the will of the manufacturer with bearing the risk of physical injury when he buys a product on the market. He can, however, be fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will” (Seely v White Motor Co., 63 Cal 2d 9, 18, 403 P2d 145, 151, supra).
Finally, the majority’s decision appears to be driven by a number of irrelevant concerns. First, it observes that the consumer is fully capable of insuring against the loss. Presumably, all plaintiffs can insure against loss, whether resulting from injury to person or property, but that has no bearing on tort remedies and to hold that it does eviscerates tort law. Nor is it significant that this is a subrogation claim. Second, neither the passage of time, the relationship of the parties or the subsequent, additional damage to the helicopter effect the existence of the manufacturer’s duty and plaintiff’s right to recover for the property damage caused by the breach of that duty. After reading the majority opinion, however, one might wonder if the result would be different if plaintiff had purchased the helicopter directly from defendant shortly after its manufacture and a few days before the accident. Finally, the fact that plaintiff purchased the helicopter in "as is” condition does not alter the duty imposed on the manufacturer. That provision may limit the scope of the manufacturer’s or seller’s warranties, but it cannot diminish the manufacturer’s duty to refrain from injecting dangerously defective products into the stream of commerce.
Accordingly, I would hold that plaintiff may recover in tort for damages to the helicopter itself.
Chief Judge Kaye and Judges Titone, Smith, Levine and Ciparick concur with Judge Bellacosa; Judge Simons dissents in part in a separate opinion.
Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.17 of the Rules of the Court of Appeals (22 NYCRR 500.17), and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question answered in the negative.