■ John McLaughlin et al., Respondents, v City of New York et al., Appellants. [741 NYS2d 523] —Judgment, Supreme Court, Bronx County (Joseph Giamboi, J.), entered September 22, 2000, which, upon a jury verdict, awarded plaintiffs the total sum of $2,056,678.25, unanimously modified, on the facts, to vacate the monetary awards for violation of plaintiff injured party's federal civil rights and for legal expenses, and to direct a new trial on those elements of damages only, and otherwise affirmed, without costs, unless plaintiffs, within 30 days of service of a copy of this order with notice of entry, stipulate to reduce the award for the civil rights violation from $1,000,000 to $650,000 and to reduce the award for legal expenses from $100,000 to $5,000, and to entry of an amended judgment in accordance therewith, without prejudice to any application plaintiffs may have for an award of reasonable attorney fees pursuant to 42 USC § 1988.

Defendants now argue that the trial court improperly allowed the jury to make separate awards for past and future pain and suffering and for violation of plaintiff injured party's federal civil rights (42 USC § 1983). Not only does the record fail to support defendants' contention that they have preserved this argument for appellate review, but it affirmatively shows that the trial court had the consent of the defense to the charge on this point, and charged in accord with the defense's written request to charge. Since "the interrogatories and instructions concerning the verdict sheet were formulated in a manner entirely consistent with the specific requests of the defense's trial counsel," defendants will not now be heard to complain (*see, Malki v Krieger*, 213 AD2d 331, 334-335). Were we to reach the argument, we would find no indication that the verdict constitutes a double recovery for the same injuries.

We find the award for violation of plaintiff injured party's federal civil rights excessive to the extent indicated. As to legal expenses, plaintiffs consented to the court's charge that the jury calculate "expenses incurred by the plaintiff in defending the criminal prosecution," and uncontradicted evidence shows that amount to have been $5,000. Plaintiffs' request for an award of reasonable attorney fees as the prevailing parties in an action based on 42 USC § 1983 should be addressed to the trial court on a proper application (*see, e.g., Hafner v County of Onondaga*, 278 AD2d 799, 800). We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Buckley, Lerner and Gonzalez, JJ.