■ In the Matter of ERIC R. SIMONDS, Respondent, v TONI M. KIRKLAND, Appellant. [889 NYS2d 350]—

Appeal from an order of the Family Court, Livingston County (Dennis S. Cohen, J.), entered April 22, 2008 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole legal custody of the parties' son to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order modifying a prior order by granting sole legal custody of the parties' son to petitioner father, respondent mother contends that Family Court erred, inter alia, in relying upon evidence that her paramour sexually abused the son's stepsisters in determining that the father made the requisite showing of a change of circumstances to warrant an inquiry into whether modification of the existing custody arrangement was in the son's best interests. We note at the outset that the mother may not assert the defense of collateral estoppel concerning that sexual abuse. Although the mother belatedly objected to the introduction of the evidence concerning that sexual abuse, she did not object based on the defense of collateral estoppel, nor did she raise that defense in her answer or move to dismiss the petition on that ground. We thus conclude that the mother waived her right to assert that defense (*see* CPLR 3018 [b]; 3211 [a] [5]; [e]; *Mayers v D'Agostino*, 58 NY2d 696 [1982]; *Matter of Hall*, 275 AD2d 979 [2000]).

Contrary to the mother's further contention, based on the evidence in the record before us we conclude that the father established a sufficient change of circumstances to warrant an inquiry into whether a modification of the existing custody arrangement was in the son's best interests. In addition to the evidence of sexual abuse of the son's stepsisters (*see generally Matter of Alan YY. v Laura ZZ.*, 209 AD2d 902, 904-905 [1994], *lv denied* 85 NY2d 806 [1995]), the record establishes that the mother continued to reside with her paramour thereafter, that she planned to exercise her visitation with the parties' son in a basement room with no furniture, and that she routinely placed him in an environment where he was exposed to pornography and excessive alcohol and drug consumption (*see generally Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]; *Matter of Breitung v Trask*, 279 AD2d 677, 678 [2001]).

The mother also will not be heard to contend that the court erred in permitting the amendment of the pleadings to conform to the evidence presented at the hearing on the petition,

inasmuch as the record establishes that the mother's attorney consented to that amendment (*see McLaughlin v City of New York*, 294 AD2d 136 [2002]; *see also Atweh v Hashem*, 284 AD2d 216, 217 [2001]). In any event, "[t]he court has discretion to permit an amendment to conform the pleadings to the proof . . . [and i]t is an abuse of discretion to [withhold such permission] unless the opposing party can allege demonstrable and real surprise or prejudice" (*General Elec. Co. v Towne Corp.*, 144 AD2d 1003, 1004 [1988], *lv dismissed* 73 NY2d 994 [1989]; *see* CPLR 3025 [c]). Even assuming, arguendo, that the mother was in fact "an opposing party," we conclude that she failed to demonstrate that she sustained any "real surprise or prejudice" arising from the amendment (*General Elec. Co.*, 144 AD2d at 1004).

Finally, even assuming, arguendo, that the child was aggrieved when the court denied the mother's request that the court recuse itself, we conclude that the Law Guardian did not take a cross appeal from the order and thus may not seek affirmative relief with respect to the denial of the mother's request (*see Bielli v Bielli*, 60 AD3d 1487 [2009], *lv dismissed* 12 NY3d 896 [2009]). Present—Smith, J.P., Peradotto, Green, Pine and Gorski, JJ.