# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1202**
**CAF 11-01551**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF JOSHUA BURRELL,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANGELA D. BURRELL, RESPONDENT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.

CULLEY, MARKS, TANENBAUM & PEZZULO, LLP, ROCHESTER (JON E. BONAVILLA OF COUNSEL), FOR PETITIONER-RESPONDENT.

WENDY S. SISSON, ATTORNEY FOR THE CHILD, GENESEO, FOR BRIANNA B.

-----------------------------------------------------------------------

Appeal from an order of the Family Court, Steuben County (Peter C. Bradstreet, J.), entered July 8, 2011 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner primary physical custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order awarding petitioner father primary physical custody of the parties' child. We agree with Family Court that the father established the requisite change in circumstances to warrant an inquiry into whether the best interests of the child would be served by modifying the existing custody arrangement (*see Matter of Simonds v Kirkland*, 67 AD3d 1481, 1482). The father established that the mother left the child without adult supervision on several occasions late at night while she ran errands and that the child had indicated to both parents that she had been touched sexually or otherwise inappropriately by her half brother. Although we note that the statement of the child to her parents that she was touched sexually or otherwise inappropriately by her half brother was not corroborated (*cf. Matter of Nikki O. v William N.*, 64 AD3d 938, 938-939, *lv dismissed* 13 NY3d 825), the mother admitted that, upon hearing that statement, she enrolled the child's half brother in counseling. In our view, the mother's conduct in leaving the child without adult supervision late at night while she ran errands, coupled with the child's statement of the touching by the half brother, constituted the necessary change in circumstances. We further conclude that the court properly considered the totality of the circumstances in determining that it was in the best interests of the child for the father to have primary physical custody (*see*

*generally Eschbach v Eschbach*, 56 NY2d 167, 171-174; *Matter of Brothers v Chapman*, 83 AD3d 1598, 1598-1599, *lv denied* 17 NY3d 707).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court